## MEYER *a.* MOHR.

*New York Superior Court; General Term, November, 1863.*

CREDITOR'S ACTION.—PROOF OF RETURN OF EXECUTION.—EXISTENCE OF LEVIABLE ASSETS.—RIGHT OF DOWER.

In a creditor's suit, the previous issue and return of execution, when requisite, is sufficiently proved by producing the execution with the sheriff's return and the date of filing indorsed thereon, and testimony of a witness that he had seen it on file in the clerk's office.

Showing that there was some personal property which might have been seized, does not affect the plaintiff's right to maintain the action, unless it be also shown that he knew of its existence, and omitted to levy.

Where the wife of a debtor joins with him in the execution of a fraudulent conveyance of his real property to a third person, who reconveys to her, and the

conveyances are set aside at the suit of a creditor, she is not entitled to have her dower reserved to her by the judgment.

Appeal from a judgment in favor of the plaintiff, entered on the report of a referee.

The action was in the nature of a creditor's bill, and was brought by Christian T. Meyer to set aside a conveyance of real estate made by the defendant, John H. Mohr, to the defendant, Margarita, his wife (through the medium of the defendant, Emmons), and which the plaintiff, who was at the time of the conveyance a creditor of John H. Mohr, and who subsequently, and before the commencement of this action, obtained a judgment against Mohr, upon his demand against him, alleged to have been made with intent to defraud the creditors of Mohr, and especially the plaintiff. The complaint also demanded that the real estate be sold to satisfy the plaintiff's judgment, &c. The defendant, John H. Mohr, denied the fraudulent intent charged, and also denied that he was indebted to Meyer.

The cause was referred to Murray Hoffman, Esq., as referee.

Upon the trial, the plaintiff, in order to prove the issue and return of execution upon his judgment, produced the execution indorsed on one side, with the usual direction to levy ; and on the other, at the upper part, " Received June 26, 1861. No personal or real property. John Kelly, sheriff;" and at the bottom, " Filed August 23, 1861."

The counsel for the defendants objected to the admission of the paper in evidence, on the ground that there was no evidence of any receipt of the execution by the sheriff, or of any return by him of the same.

The referee overruled the objection, and the defendants duly excepted.

When the plaintiff rested, the defendants moved to dismiss the complaint ; but the referee allowed him to produce further evidence, showing that the present action was not commenced for more than sixty days after the execution was issued, and also the testimony of a witness, Newman, the attorney's clerk, as to the execution having been filed, which was as follows : "I went to the clerk's office, and found the execution had been returned,

and we directly after commenced this suit. When I went there, this paper marked (witness referred to execution already introduced) was the execution which I found returned. I should say this paper (referred to same execution) was the original execution which I saw at the clerk's office, or an exact copy of it. I have no doubt it is the original."

The defendant excepted to the refusal of the referee to dismiss the complaint.

The conveyances which the plaintiff sought to have set aside were a deed of real property made by the defendants, Mohr and his wife, the latter joining therein to release her right of dower to the defendant, Emmons, and a deed of even date therewith, by Emmons and his wife to the wife of Mohr.

The referee found that John H. Mohr was indebted to Meyer at the time of the conveyance of the real estate, and that Meyer recovered a judgment against Mohr for such debt, which was duly docketed, and a transcript filed in the proper county clerk's office; that an execution was issued thereon to the sheriff of the county where Mohr then resided, which was returned thereafter wholly unsatisfied, and filed in the proper clerk's office before the commencement of this action; and the referee also found that the conveyance was made with intent to defraud Mohr's creditors. Judgment was thereupon rendered in favor of the plaintiff, adjudging the conveyances to be void, and ordering the defendants, Mohr and wife, unless the plaintiff's demand, with interest and costs, were paid in five days after notice of the judgment, to convey the real estate in question to a receiver, who was directed by the judgment to sell the same, and apply the proceeds, after payment of expenses, &c., to the satisfaction of the plaintiff's demand, with interest and costs, and dismissing the complaint without costs as to Emmons and wife.

The defendants, Mohr and wife, excepted to the findings of the referee, and appealed from the judgment.

*John L. Cadwalader*, for defendants, appellants.—I. The present action is intended as an action under the Revised Statutes, after the issue and return of an execution unsatisfied; and to sustain the bill under the Revised Statutes a proper execution must be issued, and properly returned and filed. (2 *Rev.*

Stat., 173, §§ 38, 39; Crippen a. Hudson, 3 Kern., 161; Forbes a. Logan, 4 Bosw., 475; Chautauque Co. Bank a. White, 2 Seld., 252.)

II. The referee erred on the trial in admitting the papers offered in evidence as executions, and erred in finding, as a finding of fact, that an execution on the judgment had been duly issued and returned unsatisfied.

1. Not only not the best evidence, but no evidence at all, was produced. For any thing that appeared to the contrary, the paper offered may have been drawn up an hour before the trial.

2. No evidence was offered as to the issuing of the execution, or that the defendant resided, at that time, in the city and county of New York.

3. No evidence was offered that the execution was ever in the hands of the sheriff—that any indorsement thereon was made by any person officially—nor was the handwriting proved.

4. No evidence was offered as to the custody of the execution, or that it was or had been on file. The return is not complete until it reaches the place of final deposit. (Beck a. Burdett, 1 Paige, 305; Garlic a. Sangster, 9 Bing., 46; Fager a. Campbell, 5 Watts, 288; Welsh a. Joy, 13 Pick., 482; Winslow a. Pitkin, 1 Barb. Ch., 402.)

5. After the execution was returned, it then became a record of the Superior Court, and could only be proved as such. (1 Greenleaf's Evid., § 521, 7 ed.; 2 Phillips' Evid. C. & H. n., p. 376 (n) 4 Am. ed.; Brush a. Taggart, 7 Johns., 19; Jenner a. Joliffe, 6 Johns., 9; Foster a. Trull, 12 Johns., 456.)

III. The referee erred in refusing to dismiss the complaint, on the ground that the remedy at law had not been exhausted. (Forbes a. Logan, 4 Bosw., 475, BOSWORTH, J.; Cassidy a. Meacham, 3 Paige, 311; Cases on Point 3d.)

IV. The referee erred in refusing to admit the evidence offered, that defendant had ample property to satisfy the judgment.

1. The evidence was material, as the defendant was charged with a fraud. (Tappan a. Butler, 7 Bosw., 481.)

2. It was an issue in the case. The answer denied the issuing of the execution.

3. The evidence was material to show the remedy at law had not been properly exhausted.

4. The evidence was material, as the defendant's personal property must be first applied to satisfy the judgment.

V. The referee erred in rejecting the evidence offered to impeach the credibility of Degener, a witness; and erred in finding as matter of fact that the defendant's shop property was of no value.

VI. The referee erred in his estimate of the defendant's property, and of his debts.

VII. The referee erred in finding that conveyances in question were fraudulent. It is settled in this State that a voluntary conveyance, by one indebted at the time, is valid, where the grantor is solvent, and retains ample property to satisfy all his creditors. (3 *Rev. Stat.*, 5 ed., 225, § 4; Carpenter *a.* Roe, 10 *N. Y.*, 227; Seward *a.* Jackson, 8 *Cow.*, 406; Hinde's Lessee *a.* Longworth, 11 *Wheat.*, 213; Verplank *a.* Sterry, 12 *Johns.*, 536; Bank U. S. *a.* Houseman, 6 *Paige*, 526; Jackson *a.* Post, 15 *Wend.*, 593; Jackson *a.* Peek, 4 *Wend.*, 300; Planck *a.* Schermerhorn, 3 *Barb. Ch.*, 644; Babcock *a.* Eckler, 24 *N. Y.*, 623; Tappan *a.* Butler, 7 *Bosw.*, 480.)

1. The defendant retained ample property to pay all his debts. He even offered to show he possessed it at the time of the judgment. It has never been claimed the defendant was or became insolvent. It is inability, not unwillingness to pay, that renders a conveyance fraudulent.

2. No fraud, or intent to defraud, is shown, which is requisite under the Revised Statutes. (3 *Rev. Stat.*, 5 ed., 225, § 4.)

*William Ware Peck*, for plaintiff, respondent, as to the evidence of the return of the execution, cited 1 *Rev. Stat.*, 4 ed., 330, §§ 22, 27; Hyskill *a.* Givin, 7 *Serg. & Rawle*, 369; 1 *Phillips on Evid.*, 391; Dutton *a.* Tracy, 4 *Conn.*, 79; Russell *a.* Gray & Margerson, 11 *Barb.*, 541; Baker *a.* M'Duffie, 23 *Wend.*, 289; Cornell *a.* Cook, 7 *Cow.*, 310; Browning *a.* Hanford, 5 *Denio*, 586; Henderson *a.* Cairns & Henderson, 14 *Barb.*, 15; Sheldon *a.* Payne, 3 *Seld.*, 453; Wardnell *a.* Patrick, 1 *Bosw.*, 406; Savacool *a.* Boughton, 5 *Wend.*, 170; Henry *a.* Lowell and others, 16 *Barb. Sup. Ct.*, 268; *Cow. & Hill's Notes to Ph. Ev.*, n. 740, p. 1083; *Ib.*, n. 734, p 1076; *Cow. & Hill's Ed. of Ph. Ev.*, vol. i., p. 391; *Cow. & Hill's Notes to Ph. Ev.*, n. 741, p. 1096; 1 *Greenl. Ev.*, §§ 501, 502.

By the Court.*—White, J.—In support of the appeal, the defendant alleged, in substance:

1st. That the defendant Mohr was not insolvent, or in such embarrassed circumstances at the time of the conveyance of his real estate to his wife, as to render the conveyance void as against his then existing creditors; and that neither upon that, nor upon any other ground, was the conveyance void.

2d. That there was no sufficient proof given before the referee that the execution issued upon the judgment recovered by Meyer against Mohr, was returned by the sheriff, and filed in the clerk's office before the commencement of the present action.

3d. That the present action was brought without cause, and in bad faith, the defendant having ample personal property subject to levy, from which the execution might have been satisfied if the plaintiff or the sheriff had honestly attempted to collect it; that the plaintiff was, therefore, not entitled to bring the action, and the complaint should be dismissed.

The judgment was also objected to as not recognizing or providing for the wife's right of dower.

But none of these objections appear to have been sustained by the proof before the referee.

The assets or personal property remaining in Mohr's hands, after he had conveyed his real estate to his wife, formed a very unreliable and insufficient security for the payment of his debts, especially when the probable necessary and reasonable demands for the support of himself and his family, to which it might be subjected, should be taken into account and deducted from it. And Mohr seems to have been conscious of that fact himself, as appears from the testimony of Schafer, who states that Mohr said that he must have time to enable him to pay Meyer and Humerhoff, and that it would ruin him if they enforced immediate payment; and to the same effect was the testimony of Humerhoff and of Steinheimer; and the testimony of these witnesses shows, also, a deliberate fraudulent intent, on the part of Mohr, to hinder and delay his creditors.

The proof of the issuing, return, and filing of the execution before the commencement of this action was sufficient. It con-

* Present, Bosworth, Ch. J., White and Monell, JJ.

Meyer *a.* Mohr.

sisted of the execution and the indorsements upon it by the sheriff and clerk respectively, showing its receipt and return by the sheriff, and its filing in the clerk's office, and the statement of the witness Newman, that he saw it on file in the clerk's office. The testimony of Newman is not as pointed as it should be in its designation of the process which he saw on file; but it is reasonable to assume that he intended, or referred to the execution in the suit of Meyer *a.* Mohr.

The proof does not show that there was sufficient property of the defendant, besides the real estate, that might have been levied upon; and the testimony that was offered by the defendant, and excluded, does not appear to be material. The return of "no property" by the sheriff, upon the execution, was sufficient to justify the institution of the present action. To show that there was some personal property that might have been seized, would not affect the plaintiff's rights, unless it was also shown that he knew of its existence, and omitted to act upon it. The testimony of Degener, respecting the value of the defendant's tools, was not important. Taking Mohr's own statement of their value, and rejecting Degener's altogether, would not materially alter the facts from those found by the referee.

And with respect to the omission in the judgment to provide for the defendant Margarita's dower in the real estate, it is only necessary to observe, that having united in the fraudulent deed of the property to Emmons (the party through whom the real estate was transferred to her), she thereby divested herself of her inchoate right of dower, and must abide the consequences.

The judgment must be affirmed with costs.