## SUPREME COURT.

### ELIZA MALONEY agt. JOHN HORAN.

A *widow* is not entitled to *dower* in lands of which she, with her husband, had executed and delivered, a deed to a grantee, although such deed had been subsequently declared fraudulent and void as to her husband's creditors.

*Second District, General Term, December,* 1868.

*Before* LOTT, GILBERT, BARNARD *and* TAPPEN, *Justices.*

THE appellant, as the widow of Patrick Maloney, deceased, brings this action to recover her dower interest in certain real estate situate at Hunter's Point, Queens county.

The facts are briefly these:

Patrick Maloney, being the owner of the premises described in the complaint, on the 11th of November, 1864, conveyed the premises to his brother, Michael Maloney, for the nominal consideration of $1.

The plaintiff, Eliza Maloney, joined in this conveyance and released her dower; and on the 28th of December, 1864, Michael Maloney conveyed the premises in fee to the plaintiff.

Both of these conveyances were duly acknowledged and recorded in the office of the clerk of Queens county.

In March, 1865, judgment was recovered against Patrick Maloney for $1,946 14-100.

Subsequently, upon proceedings supplementary to execution, a receiver of the property, &c., of Patrick Maloney was appointed.

Maloney agt. Horan.

On the 10th of April, 1865, the receiver brought an action in the supreme court against Patrick Maloney, *Eliza Maloney* and Michael Maloney, for the purpose of having the above mentioned conveyances set aside and declared fraudulent and void as to creditors of Patrick Maloney. All of the defendants appeared and answered the complaint. The issues so joined were tried, and judgment was, on the 17th of November, 1865, rendered, declaring that the conveyances were void, as having been made to hinder and defraud creditors; and directed the premises to be sold ; and further ordered that any of the parties who should be in possession deliver possession thereof to the purchaser.

Under this order, the receiver sold the premises to John J. Conklin for $6,100, subject to a mortgage of $750, and Conklin assigned his bid to the defendant Horan

On the morning of the sale, and prior to the property being offered for sale, the plaintiff called at Horan's place of business and asked him to attend and bid, informing him that she had no claim upon the property. Conklin, the purchaser, was present at this time. The plaintiff, Horan and Conklin attended the sale, and were present when the terms of sale were read, by which it was stated that the premises would be sold subject to the $750 mortgage.

The report of sale having been confirmed, the receiver, on the 31st of July, 1867, conveyed the premises to John Horan.

The price paid was the full value of the premises at the time of sale.

BARRETT & BRINSMADE, *attorneys, and*
AMASA A. REDFIELD, *counsel for plaintiff, appellant.*

1. It has been said that the right that a dowress has to her dower is not only a legal right, and so adjudged in law, but she has also a moral right to be provided for, and have a maintenance and sustenance out of her husband's estate to live upon. She is therefore, *in the care of the law, and a favorite of the law.* And upon this moral law is the law of England founded as to the right of dower. (1 *Story, Eq. Jur.* § 629.)

" Her estate is favored in the law, and proceedings having in view its enforce-

Maloney agt. Horan.

ment or establishment, should be encouraged rather than defeated." (*In re Sipperly*, 44 *Barb.* 370.)

2. It is the rule of the common law, and is incorporated in the statutes of this state, that nothing that the husband can do—no act, deed or conveyance of his, or judgment or decree confessed by or recovered against him, shall prejudice the wife's right to her dower. (*Denton* agt. *Manny*, 8 *Barb.* 618; 1 *Rev. Stat.* 742, § 16.)

Il. A release of dower can operate only *as a release*. If must accompany the conveyance of another, and ceases to operate with that. It cannot operate as the transfer of an independent estate. If the principal instrument (the deed or the mortgage as the case may be) is cancelled, or never takes effect, or ceases to operate, the release of dower falls with it. The right of dower revives. (*Halstead* agt. *Eldridge*, 2 *Halst.* 392; *Douglas* agt. *McCoy*, 5 *Ohio R.* 527; *Powell* agt. *Morison, &c. Mfg. Co.*, 3 *Mason*, 347; *Hall* agt. *Savage*, 4 *id.* 273; *Barker* agt. *Parker*, 17 *Mass.* 56, *and cases cited below*.)

2. In this case the deed, in which and by which she released her dower, was by a competent tribunal declared void. It then instantly ceased to operate. The estate upon which the release was designed to operate was defeated; the grantee could claim nothing, and in the absence of fraud on her part, her right of dower was restored.

In *Summers* agt. *Babb* (13 *Ill.* 483), the creditors of the grantor avoided the conveyance of the husband and wife, and it was held that thereby the estate upon which the release of dower was designed to operate was defeated. Hence the widow should be restored to her right of dower.

"This question," says the court in this case, "was in principle settled in *Blair* agt. *Harrison* (11 *Ill.* 384). In that case the lands of Harrison were sold on execution. Subsequently and before the time for redemption had expired, Harrison and his wife conveyed the same lands by way of mortgage. The premises were not redeemed and the purchaser obtained a sheriff's deed. Harrison afterwards died, and his widow claimed dower in the lands. The court decided that her right to dower was not barred by the execution of the mortgage, because the estate mortgaged was extinguished by the failure to redeem from the prior sale, and the mortgage could not operate upon the contingent right of dower alone."

In *Stinson* agt. *Summers* (9 *Mass.* 143), it was decided, that where a wife releases her claim of dower by joining her husband in a conveyance, and the purchaser recovers damages of the husband for breach of covenant of title, the release of the dower then becomes void and does not bar her right of dower after her husband's death. The reason is that by defeating the estate upon which the release of dower was intended to operate, the purchaser can claim nothing by his deed.

III. The plaintiff further claims that she is *not* estopped from claiming her dower, by reason of her having joined in the fraudulent conveyance of her husband, because—

1. The defendant is a stranger to the release. He is a third party with notice. He can derive no advantage from it. As against him she is not estopped, for by the well known maxim, *estoppels must be mutual and reciprocal*. A release of dower is binding only as against the releasee and his privies. (*Littlefreed* agt. *Crocker*, 30 *Me.* 192; *Harriman* agt. *Gray*, 49 *id.* 537; *Pixley* agt. *Bennett*, 11 *Mass.* 298; *Blain* agt. *Harrison*, 11 *Ill.* 384; *Robinson* agt. *Bates*, 3 *Met.* 40; *Taylor* agt. *Fowler*, 18 *Ohio*, 567; *Woodward* agt. *Paige*, 5 *id.*, *St.* 70; *Ketzmiller* agt. *Van Rensselaer*, 10 *id.* 63; *Summers* agt. *Babb*, 13 *Ill.* 483; *Gore* agt. *Cather*, 23 *id.* 634; *Harrison* agt. *Eldridge*, 2 *Halst.* 392; *Richard* agt. *Talbird*, *Rice*, *Eq.*, *So. C.* 158; *Pierson* agt. *Williams*, 23 *Miss.* 64; *Randolph* agt. *Doss*, 3 *How.*, *Miss.* 205; *Gray* agt. *McCune*, 23 *Pa. St.* 447, 451.)

Maloney agt. Horan.

2. Is the defendant a privy to this void deed, or to the plaintiff's release? He derives no title from the plaintiff nor the fraudulent grantee. On the contrary, he holds in direct opposition to them. His title is predicated on the absolute nullity of that deed and release. He is not in any way a privy to it.

(*a.*) In *Kitzmiller* agt. *Rensselaer* (10 *Ohio, St.* 63), the husband and wife after recovery of judgment against the husband, and while it was a lien upon his lands, joined in a conveyance containing full covenants of warranty and a release of dower, and the grantee entered and occupied under the deed, but was afterwards evicted by a purchaser at sheriff's sale under the judgment; it was held that the latter could not make the conveyance and release available for his protection against the claim of dower, either as a grant or as an estoppel.

(*b.*) In *Taylor* agt. *Fowler* (18 *Ohio*, 567), where lands had been mortgaged to secure the payment of a debt, the wife having joined in the mortgage and subsequently the lands were sold under a judgment against the husband, at the suit of a stranger to the mortgage, it was held that as against the purchaser at such sale, the wife was not divested of her dower.

(*c.*) In *Harrison* agt. *Eldridge* (2 *Halst.* 392), a case quite parallel with the above, it was held that the purchaser under such a judgment cannot be said to be in privity with the mortgage, and therefore is not protected against dower.

(*d.*) Upon the same principle it was decided in *Gore* agt. *Cather* (23 *Ill.* 634), that, on a sale of lands for the satisfaction of a mechanics' lien subsisting at the date of a deed executed by husband and wife the purchaser takes the premises subject to dower.

(*e.*) *Robinson* agt. *Bates* (3 *Met.* 40), is a case precisely parallel with the one at the bar. The wife joined her husband in a conveyance of land, relinquishing to the grantee her right of dower. Afterwards and during the husband's life, one of the husband's creditors levied an execution on the land and recovered it in a real action against the grantee on the ground that the conveyance was fraudulent and void as against creditors. Upon the death of the husband proceedings were instituted by the widow for dower, and the precise question here arose. The court decided that she was not barred and might recover her dower of such creditor or of his assigns.

3. But admit, if it is consistent with common reason to do so, that the defendant is in some way a privy to the fraudulent deed. Yet the widow is not estopped. This deed was adjudged void on the sole ground of an intent on the part of her husband to thereby hinder, delay and defraud his creditors. There is not a suspicion that the wife was a party to this fraud. *She could not have been* a party to it, for the sufficient reason that by her release she placed nothing beyond the reach of creditors, to which they were entitled, or could obtain by any process of law. *She* is not a fraudulent grantor.

(*a.*) The case of *Winship* agt. *Lamberton*, referred to in *Woodworth* agt. *Paige* (5 *Ohio Stat.* 70), is in point. In that case lands had been conveyed without consideration, and in fraud of the creditors of the husband. Judgment having been afterwards recovered against the husband, and execution levied, the lands were sold and conveyed by the sheriff. The purchasers at the sheriff's sale brought ejectment against the fraudulent grantees, and recovered on the ground of the fraud in the conveyance. On a bill filed to quit their title, the question of the right of dower of the widow of the fraudulent grantor arose, and it was held that she was entitled to it.

The decision in this case is referred to by the same court in the following terms in *Woodworth* agt. *Paige (supra)* :

"*First.* The defendant's title was derived from a sale on a judgment and execution against the husband alone. He was not, therefore, in privity with the wife. He derived no title under the fraudulent deed, but held in direct opposition to it

The case fell, therefore, within the principle often held, that a release of dower is binding only as against the releasee and his privies, and that a mere stranger cannot avail himself of it.

" *Secondly.* The fraudulent deed had been declared to be void and set aside on a bill filed by the purchasers upon the execution, under whom the defendant claimed ; and we were of the opinion that the defendant could not set up this deed, thus annulled, to defeat the widow's claim to dower. It is true that it was contended for the defendant, that inasmuch as the decree required the fraudulent grantees to release to the complainants in the bill, the defendant, who held under those complainants, was in privity with these grantees ; but we thought that that provision of the decree was only meant to quiet the title against the deed, which by the same decree was declared to be void, and not for a transfer of an independent, substantial title, and that therefore there was no privity."

This doctrine was approved in *Woodworth* agt. *Paige* (*supra*), and *Miller* agt. *Wilson* (15 *Ohio Stat.* 108, 117),    •

(*b.*) In the case of *Woodworth* agt. *Paige*, the conveyance was *not* set aside, and the question was whether a wife who joins her husband in a deed *made without any consideration*, and to defraud her husband's creditors, is thereby estopped to claim dower against a purchaser for a valuable consideration from the fraudulent grantee. In this case a distinction was made between a deed of husband and wife *for a valuable consideration*, invalid only by reason of the intent to defraud creditors (in which case it might be held that she ought to be barred of her dower as against the grantee and his privies), and a deed where there is *no consideration* to uphold the deed, and it can only be upheld by the application of the doctrine that as between the fraudulent grantor and grantee, the latter's title is good.

" For why,' asks the cou*r*t, " is the deed fraudulent ? And why is it that the title of the grantee who has paid no consideration, is nevertheless good ?" It is fraudulent simply because it is an attempt to place the property beyond the reach of the husband's creditors, and the title of the grantee is good. Except as against the creditors, simply because no court will aid a party to avoid his executed contract, made for a fraudulent purpose. *But so far as the wife is concerned, she places nothing beyond the reach of the creditors to which they are entitled.* It is the husband's estate alone, and not her dower right that is liable for his debts, and that estate he can convey without her joining in the deed. Her execution of the deed adds nothing to its efficacy so far as his estate is concerned, it simply releases her dower, which the creditors have no right to touch. How then can she be said to be a fraudulent grantor ? Whom does she defraud, either by the deed or by avoiding it so far as to claim dower ? Not the creditors, for they had no right to her dower. Not the grantee, for he paid no consideration for the conveyance. Not a purchaser, with notice from the grantee, for such purchaser is in no better condition than the grantee himself. How then can it properly be said that the deed is her executed fraudulent contract or conveyance, against which she ought not to be relieved, when its execution does not and cannot defraud anybody ? And what wisdom or justice is there in visiting women, who know so little of the law, and who are so dependent upon, and so much under the control of their husbands, with the extreme penalty of a forfeiture of their dower, upon the ground that they have attempted to defraud their husband's creditors, when in fact they have released nothing to which creditors are entitled, done nothing of which they have a right to complain."

IV. 1 am unable to find any case in this or any other state, which on a close examination will be found to conflict with the principles established as the law in the foregoing cases.

1. The head note of the case of *Manhattan Co.* agt. *Evertson* (6 *Paige*, 457), states

a contrary doctrine, and a doctrine, too, entirely contrary to that adjudged by the court in that case. That case was this: One Evertson, being in embarrassed circumstances, conveyed certain real estate to his son, his wife uniting in the deed. The son executed back a declaration of trust to sell the property, pay the encumbrances and then pay to one Enrot $1,500. After a foreclosure and sale of the premises on an application for a distributon of the surplus moneys, the widow of Evertson (he having in the meantime died) claimed her thirds out of the surplus. The Vice-Chancellor refused to allow her dower and the Chancellor sustained his decision. But the facts of this case and the ground upon which the decision was placed are essentially different from those cited above and from the one at the bar.

It is true that no consideration was paid by the grantee in that case, but the conveyance was made upon certain trusts duly specified in writing, which were pronounced fair and honest by the Vice-Chancellor, and to the extent of which the deeds were sustained by both him and the Chancellor. As against the grantors therefore, and, to the extent of those trusts, as against subsequent incumbrancers ; also, the grantee was lawfully invested with the legal title for a proper purpose. The only interest, if any remaining in the husband, was a resulting trust, and as this was a new equity, of which (*before the Rev. Stat.*) the widow was not endowable, it followed that she was not entitled to dower in the surplus arising from the sale of the lands. The difference between a case of this character and one where the conveyance was for the sole and only purpose of defeating creditors, and is without any consideration whatever, is clearly and distinctly marked. (*See* 1 *Scribner on Dower*, 617, § 9.)

2. The only other case is a case in the New York superior court, *Meyer* agt. *Mohr* (1 *Robertson*, 333), in which on setting aside a conveyance made by husband and wife as being void as against creditors, the referee decreed that the husband and wife should join in a new conveyance to a receiver for the benefit of creditors. This part of the decree does not appear to have been argued, and the court affirmed that part of the report by a paragraph, evidently without much consideration. But it does not appear in the case, but that the wife was a party to the fraud And also it may be that the decree was so made as to quiet the title as against the fraudulent deed, which by the same decree was declared void. The widow might still claim her dower.

3. The principle contended for is at the foundation of the case of *Wiswall* agt. *Hall* (3 *Paige*, 313), where it was held, that the wife is not affected by the fraudulent acts of the husband in consummating his contracts of sale, although she unites with him in a conveyance of the lands. Thus in this case, a vendor of a lot of land secretly intended to sell only a part of a lot, but made the vendee to understand that he was buying the whole of it, and only a part of the lot was included in the deed, for which the vendee paid the vendor the entire consideration intended by him to be given for the whole lot. The court compelled the vendor to execute to the vendee a conveyance of the whole. But the wife not being privy to the fraud attempted to be practiced upon the purchaser, although she had joined in the deed, the court refused to compel her to join in the new conveyance.

V. Some intimation was made at the trial, that the facts found in paragraph *eight* of the findings, created an equitable estoppel against the plaintiff's claim for dower.

1. It is only necessary on this head to remark that there was no proof, and is no finding, that she intended to mislead. This is necessary. (*Lawrence* agt. *Brown*, 5 *N. Y. R.* 394; *Chautauque Co. Bank* agt. *White*, 6 *Id.* 236; *Jewett* agt. *Miller*, 10 *N. Y. R.* 402.)

*Non constat*, but she requested Horan to purchase, because he was her friend and she could buy her homestead back from him on better terms than she could get from

a stranger. And, indeed, the plaintiff swore on the trial that this was the object of her request.

2. The defendant was not misled. There was no proof, and is no finding that he placed any reliance upon her statements. What man of ordinary capacity in buying a piece of real property relies upon the statements of a woman as to the title? He knew that she was Maloney's widow.

3. He did not act upon her statements. Another man bought the property at the public sale. Only ten per cent was paid down. Afterwards Horan bought the bid, having in the meantime ample opportunity to search the title through a lawyer, as indeed he did, as testified to on the trial.

VI. If this plaintiff is turned out of court, and deprived of " that moral and legal right of dower," are " her proceedings, having in view its enforcement, encouraged ?"

Is she any longer " in the care of the law and the favorite of the law ?" She is rather its victim ; and the principles of law which she had supposed to be the sure protection and for the weakness of her sex, are become the instruments of her impoverishment.

ARMSTRONG & FOSDICK, *attorneys, and*
JOHN J. ARMSTRONG, *counsel for defendant, respondent.*

*First.* The plaintiff, Eliza Maloney, having been a party to the conveyance to Michael Maloney, her right of dower to the premises in question was extinguished, although the conveyance was subsequently declared fraudulent and void as to creditors. As against herself and husband the deed would remain a bar. (*Den* agt. *Johnson,* 3 *Harrison, N. J.* 87 ; *Manhattan Co.* agt. *Evertson,* 6 *Paige,* 457 ; *Meyer* agt. *Mohr,* 1 *Robertson,* 333.)

The plaintiff having joined with her husband, with the intent to defraud his creditors, and this object having been frustrated the court will not now allow her to commit another fraud by a repudiation of her own deed. As was well said by the court, in 1*st Robertson,* she having united in the fraudulent deed, "she thereby divested herself of her inchoate right of dower, and must abide the consequences."

The following cases also sustain the principle upon which the decision of Justice TAPPEN is based: (*Osborne* agt. *Moss,* 7 *John.* 161 ; *Jackson* agt. *Garnsey,* 16 *Id.* 189 ; 1 *Story's Eq. Jur., Redfield's Notes,* § 371.)

*Second.* It is submitted that the order of the court under which the premises were sold, having directed a sale of the premises (*without reserving or excepting any right or interest of Mrs. Maloney*) she (being a party to it), is concluded by the decree, and is barred from claiming dower in the land, as against the purchaser under that decree, This decree is conclusive upon the parties to it, not only as to the matter actually determined, but as to every matter which the parties might have litigated and have had decided as incident to the subject matter of the litigation, or coming within the purview of the action, whether as matters of claim or defense. (*Harris* agt. *Harris,* 36 *Barb.* 88; *Hayes* agt. *Reeve,* 31 *Id.* 151 ; *Gardiner* agt. *Mills,* 5 *Gill.* 94.)

Especially should this be so when it appears that the receiver sold the premises without making any reservation of dower, and that the sale was duly confirmed. Mrs. Maloney, being a party to the action, is concluded by the order of confirmation, as well as the original decree.

*Third.* Mrs. Maloney, on the day of sale, requested Mr. Horan to attend and bid, averring that she had no right or interest in the property. She was present and

heard the terms of sale read, in which it was stated that the premises would be sold subject to the mortagage to the trustees of Union College, and did not make a claim of any right or interest in the premises. Under these circumstances, the premises were sold and a full price paid therefor. We think she is estopped from setting up her claim to dower. These equestions of estoppel are not in general controlled by technical rules, but are usually determined upon principles of equity and good conscience; the rule being that when a party procures or even acquiesces in the disposition of his property by another, *under color of title,* he shall be bound by such disposition. (*Smiley* agt. *Wright,* 2 *Ohio,* 506; *Ellis* agt. *Diddy,* 1 *Carter,* 561; *Tilton* agt. *Nelson,* 27 *Barb.* 595; *Wood* agt. *Seely,* 32 *N. Y. R.* 104.)

This estoppel attaches itself to the land, and can be asserted in behalf of the grantee of the immediate purchaser. (*Wood* agt. *Seely,* 32 *N. Y. R., supra, and cases cited by* DENIO, *J.*)

The whole conduct of Mrs. Maloney shows not only that she was a pary to the effort of her husband to defraud his creditors, but that she *now* seeks, after inducing Mr. Horan to pay a full price for the land, upon a belief that she had no interest in the property, to commit a fraud upon him by means of this action for dower. It is not until after the deed is delivered, and the full purchase money paid, that she presents her claim.

Her claim for dower should be against the surplus money, and not against the land sold to the defendant Horan.

*Fourth.* The exception taken should be overruled, and the judgment appealed from affirmed, with costs.

*By the court,* GILBERT, J. The legal effect of a wife's uniting with her husband in a conveyance of his lands, is to release her dower. Before admeasurement she has no interest or estate in the lands, and her deed operates not as a grant, but as an estoppel. (*Green* agt. *Putnam,* 1 *Barb.* 500; *Moore* agt. *Mayor, &c.,* 4 *Seld.* 110.)

When the deed of the husband has been avoided at the suit of creditors, on the ground, that it was made with intent to hinder, delay or defraud them, there remains an estate in the fraudulent grantee, which is sufficient to support or feed this estoppel, for the fraudulent deed is good and effectual as between the parties to it. A payment, by the fraudulent grantee or grantor, to the creditors, of their debts, would extinguish the same, and render his title valid. The relation of the creditors to the property, is analogous to that of *cestui que trusts,* in a trust resulting under the statute of uses and trusts. (1 *R. S.* 728, § 52; *Garfield* agt. *Hatmaker,* 15 *N. Y. R.* 483.) Whatever consequence may result from proceedings by the creditors *in invitum* for the enforcement of

their remedy upon the estate fraudulently conveyed, is attributable to the statute, which, in conjunction with the decree, acts directly upon such estate, and divests so much thereof only, as may be necessary to obtain satisfaction of the claims of creditors; and the wife's dower in that part of the estate so divested will be as effectually barred, as in the part which may remain vested in the fraudulent grantee. There cannot in the nature of the case be any severance. And so, if the whole estate be taken away; because this results from the enforcement of the remedy, and not because the fraudulent deed conveyed nothing to the grantee. (*See Manhattan Co.* agt. *Evertson,* 6 *Paige,* 457; *Meyer* agt. *Mohr,* 1 *Robt.* 333; *Den* agt. *Johnson,* 3 *Harris.* 87.) The contrary doctrine has been held in some of our sister states, but upon grounds which are not satisfactory to us. (*Robinson* agt. *Bates,* 3 *Met.* 40; *Woodworth* agt. *Paige,* 5 *Ohio State.* 70; *Miller* agt. *Wilson,* 15 *Id.* 108; *Pierson* agt. *Williams,* 23 *Miss.* 64.)

It appears, that the plaintiff took a conveyance of the estate conveyed by her husband from the fraudulent grantee, and that this was done in furtherance of the original intent to defraud. Having participated knowingly and designedly in this fraud, the court will not help her to undo the consequences of her acts, one of which was to accept a merger of her dower in the fee conveyed to her. As she cannot be endowed of her own lands, the taking of this conveyance destroyed the claim, if any, which existed before. And, as we have seen, the avoidance of such a conveyance by creditors, still leaves the estate effectual as to all the estate conconveyed, except that which shall be divested for the purpose of paying them; and if this takes the whole estate, it is not because the deed is absolutely void, but because the statute authorizes it, and it is necessary to enforce the decree.

We think, also, that the plaintiff's statement to the defendant at the sale, that she had no claim upon the property, and

Maloney agt. Horan.

her request to him to purchase, on the faith of which he became the purchaser, and her taking a lease from the defendant after the purchase, work a perfect and effectual *estoppel en pais*, against any claim or title in hostility to that which the defendant acquired at such sale. (*Daugrey* agt. *Tapping*, 4 *Paige*, 94 ; *Smiley* agt. *Wright*, 2 *Ohio*, 511 ; *Tilton* agt. *Nelson*, 27 *Barb.* 595 ; *Wood* agt. *Seely*, 32 *N. Y. R.* 105.)

We are, therefore, of opinion, that the judgment should be affirmed, with costs.

I concur, except as to an estoppel *en pais*.

J. A. L.

I concur.                                    A. B. T.

BARNARD, J.   The deed from plaintiff's husband in which the plaintiff joined to his brother, and the deed from this brother to the plaintiff, were not absolutely void.   The deeds were void as against the creditors of plaintiff's husband, but as between the parties to the deeds they were valid.   If there had been a surplus upon the sale by the receiver over and above the debts, as to which the deeds were void, the plaintiff would under her deed, have been entitled to such surplus.   The plaintiff cannot claim in two capacities, under the facts in the case.   By the deeds in question she has relinquished her dower and acquired a fee.   No facts are disclosed, by means of which the plaintiff is entitled to repudiate the deed in which she joined with her husband. She voluntarily executed it, and if she was not a party to any fraudulent intent, still no fraud was practiced upon her. It was her husband's land, she joined with him in the conveyance; as between the parties it passed the title.   The plaintiff's husband has acquired no title since.   The deed has been declared void as against creditors.   The deed simply did not pass the title so that creditors were cut off; all others were and are.

I concur.                                    J. A. L.
A. B. T.