## Case No. 3,309.

### COX v. WILDER et al.

[5 N. B. R. 443.][1]

### District Court, E. D. Missouri. 1872.[2]

FRAUDULENT CONVEYANCE—SUIT TO SET ASIDE—PARTIES—DOWER.

1. Where husband and wife join in a deed duly acknowledged so as to release the homestead, if the deed be avoided in the hands of a fraudulent grantee as having been executed by the bankrupt with intent to hinder, delay and defraud creditors, the assignee in bankruptcy will be entitled to the land divested of the wife's claim to dower, and the husband's right to a homestead.

2. To a bill brought by the assignee in bankruptcy, to vest the title of the fraudulent grantee in himself, that the land may be sold clear of encumbrances, the bankrupt and his wife are proper parties if they claim homestead and dower.

---

[1] [Reprinted by permission.]

[2] [Reversed in Case No. 3,308.]

The bill states that Sauer, the bankrupt, made a deed to Wilder to defraud his (Sauer's) creditors, for the nominal consideration of five thousand dollars, but really without any value consideration; that after said deed was executed by him and his wife and duly acknowledged, it was lodged in the proper office for record; that thereupon some of Sauer's creditors sued out attachments on the ground that said deed was made to defraud creditors, and then said deed was withdrawn by the defendants from the recorder's office before it had actually been placed on the records; that said deed has since been destroyed or concealed, and that said Sauer and wife pretend that they have respectively a homestead and a dower interest in said premises. The object of the bill is to have said fraudulent deed adjudged void as to creditors, and the title to the premises vested in the assignee discharged of both dower and homestead interests. The bill in its general features looks to a conveyance by the grantee (Wilder), under the decree of this court, to the assignee, so that the latter may be vested with all the right, title and interest vested in the grantee. Demurrers are interposed by the respective defendants, Wilder for multifariousness, and Sauer and wife for want of equity.

Mr. Whittlesey, for plaintiff.

Dryden & Dryden, for defendants.

TREAT, District Judge. The propositions involved are, admitting, as the demurrers do, that said deed is void as to creditors: First. Whether the inchoate dower of Sauer's wife is still in her. Second. Whether the homestead interest is still in Sauer. Third. As resulting from the foregoing, whether the assignee in bankruptcy can have vested in him the complete title including both homestead and dower interests. At the outset the court is met on each of the propositions with conflicting decisions based mainly on very nice and subtle distinctions as to the nature of the interests and questions involved. In their opinions on the dower question, it is held by some courts that, as the wife, having merely inchoate dower, does not convey by grant, but merely by estoppel, and that, as there is thus sufficient interest only in the grantee to feed the estoppel and he takes accordingly, therefore if the deed be avoided in consequence of the fraudulent acts of the husband, there is left in him no interest whereby the estoppel can be fed; consequently the inchoate dower must remain in her as if no such deed had been executed. Other courts differ, on the ground that as the right was in her to relinquish her inchoate interest in the realty, when she did so, the estate was free from any claim or interest therein that she might otherwise have asserted.

Without reviewing the authorities or commenting in detail on the reasons given for their conflicting conclusions, the opposing views as generally presented may be thus summed up. The deed is valid between the parties, and only void as to creditors. Now if only void as to creditors, the latter, if the deed be adjudged void as to them, can take no greater interest in the premises than they could have had if the deed were never made; consequently they can take no more than was subject to execution, excluding therefore both homestead and dower interests. On this view of the case many intrinsic difficulties arise which the learned opinions do not fully discuss. If the deed is valid between the parties, then except as to the right of creditors, every interest passed to the grantee which the grantors could convey, and where the creditors' rights are enforced the question must still remain, as between grantors and grantee, who has the dower and homestead interest which the creditors could not originally reach? How is it, as some courts maintain, that the dower interest, which the wife has relinquished to the grantee, and which she is estopped from disputing passed to him, is still in her? He may have paid a valuable consideration therefor, and still it is said if her husband's conveyance was in fraud of his creditors, yet her inchoate dower which she relinquished for value does not continue in the grantee, nor pass to the creditors, but remains in herself. The force of such reasoning is not perceived. If the creditors by avoiding the deed were in the same condition as if it had never been made, they could levy on the husband's interest and sell the same, subject, however, under the Missouri statute, to the wife's inchoate right of dower. But as she has parted therewith by a deed valid between her and her grantee, how is the latter divested of the rights he acquired from her and not from her husband, over which her husband had no control, and how are those divested rights restored to her in opposition to her deed? If her conveyance to him operated only by way of estoppel instead of grant, how is she relieved of the estoppel? It cannot be contended that the moment the husband's right to the fee passes from him she has no inchoate dower. The very object of the statute is to prevent that result. If her husband then parts with his right and she with hers, and it is adjudged that her husband's acts were fraudulent and void whereby his interests in the realty remain subject to his creditors' demands, how is it that her relinquishment to her grantee is no longer valid or obligatory? If resort be had to the intrinsic nature of their respective interests, and the right of each to convey or relinquish the same—how can the reinvestiture of his interests in him work against her estoppel a transfer of her rights to her against the will of the grantee. If the reasoning on which the main proposition rests in such cases be correct, then the interest of the wife should be held still to remain in the grantee. There is nothing in the technical distinction between estoppel and grant to change that result. It is immaterial which

way he holds, by estoppel or grant, if he holds by virtue of an act valid as between her and him. If the deed is void only as to her husband's creditors, she is not affected by his acts, for they could not reach her inchoate dower. She had a right to part therewith or not, as she pleased, and having voluntarily parted therewith, how is it that against her estoppel it is restored to her despite the will of the grantee? Can it be said it is so inherent in and inseparable from her husband's estate that it cannot be severed therefrom? If so, how is it that if he make a deed and she does not join therein, his estate passes and her inchoate right does not? Her right of dower in such a case remains severed necessarily, so to speak, from the fee in her husband or is still a charge upon the estate into whomsoever's hands it may pass. If then it is severable, and her acts may pass it, is it contended that it does not pass unless her husband joins, and consequently when his act in joining is void, hers is also void? If that be so, why is it that her act is made to depend on her unrestrained and voluntary action free from his control or influence— that only her free and uninfluenced conduct suffices to divest her of what otherwise would still be her exclusive interest, and that she is held to be estopped when she thus acts? If the avoiding of the deed by the creditors enables them only to reach such interest in the husband as could have been reached if the deed were never made, then they can sell subject to the dower; but that right in them is far from determining that as between her and the grantee, she is not estopped from denying that the latter is entitled to the value of such dower interest. Indeed, the very course of reasoning employed by those who contend for the doctrine that the dower is still in her should leave the interest in the husband's grantee; for the husband's deed is void not as between him and his grantee, but only as between him and his creditors, and her deed is wholly irrespective of the creditors—takes nothing from them which they could reach, yet estops her. Hence, if the dower interest remains outstanding despite such a fraudulent conveyance when it would have passed by a valid conveyance, and the conveyance is valid as between her and her grantee, in whom is it outstanding? How can it possibly be in her? If in any one must it not remain in the grantee?

Similar questions arise as to the homestead interest of the husband, and in many respects are to be determined on like considerations. On this subject there is also a conflict of decisions. The grantor's homestead is exempt from execution, yet he has a right to convey the same voluntarily. If he does convey all of his interests in his realty, including his homestead interest, and the deed is valid as between him and his grantee, but void as to his creditors, what becomes of the homestead interest? Evi-

dently if the deed were not void, it would be merged in the estate conveyed. If the deed be adjudged void as to creditors, how is it that the homestead interest is severed and revived, so that the creditors take the debtors' original interest charged with the homestead? If they so take, in whom is the homestead, in the grantee or grantor? If the grantee paid a valuable consideration for the fee divested of the homestead, why should the creditors, in avoiding the deed as to them, be in a better condition than if the deed were never made? If it were never made or void as to them ab initio, they could not reach the homestead, the deed being valid as between parties; those claiming under the grantee like the grantee himself could insist that the homestead interest passed and was merged; but the creditors claim adversely to the deed, and therefore are not in a position to demand what the grantee might claim under it. If then, the creditors, by avoiding the deed in invitum, take whatever by law they can take in invitum and no more, where is the homestead interest? By the deed it was merged or extinguished. How is it again revived and severed, and for whose benefit? The grantor has parted with it, and he ought not to claim against his deed. Is it, then, a revived or severed interest outstanding in the grantee? If so, on what legal principle?

The homestead interest in Missouri belongs only to the head of a family, and pertains to premises which he uses as a homestead, those premises being owned by him. When he ceases to own them or use them as his homestead, they cease to be such. One person cannot have a homestead in another man's property. Therefore, so soon as the debtor granted all his title to the property to the grantee, his ownership ceased, and he ceased thereby to have any homestead therein. If the deed be adjudged void as to creditors, and thereby his general ownership remains for the benefit of his creditors, is he necessarily restored to the homestead interest which was not conveyed to escape his creditors because they could not reach it, but which he could thus voluntarily convey? The conveyance of his homestead interest not being prejudicial to his creditors, why should not the grantee thereof hold the same? If the deed were absolutely void as to all the world, then the homestead being in the debtor could not be reached by the creditors. If it were merged in the grantee's estate, and must stand as valid between the grantor and grantee, and if the deed was void only as to creditors, so that they could subject to their demands merely what could have been so subjected if the deed had never been made, then the homestead must remain in the grantee. If under the statute the homestead is set apart in specie out of the premises conveyed, or is sold and the prescribed sum in lieu thereof is paid, to whom should the sum be paid, or for whom

the land set apart? If not to the creditors, should it not be to the grantee instead of the grantor? If the grantee had paid therefor, why should it not be his instead of the grantor's? Without pursuing this mode of analysis farther, which has served to create the conflicting decisions cited, it may be well to seek the solution in clearly established principles easily comprehended. It may be premised that on principle, there can be no distinction fairly drawn between the dower and homestead interests involved, for each belongs to the individual grantors and could not be taken in invitum, yet each had an indisputed legal right to part therewith voluntarily.

The homestead right depends on two elements: First, the ownership of the premises by the head of a family; second, his use of them as a homestead. No one can dispute that the ownership of lands not occupied as a homestead is subject to execution under the Missouri statute, nor can it be successfully contended that abandonment of the premises as a homestead does not leave them subject to creditors' demands—they remain free from creditors' judgments—in other words, only so long as they are homesteads. When, therefore, the owner and occupier voluntarily executes a conveyance therefor, why should not the law raise the presumption that as the possession follows the deed, the homestead is abandoned. When abandoned before a deed is made, a conveyance clearly passes the estate free from a homestead right; and after such abandonment the premises would, before a conveyance, be equally subject to execution. If then a voluntary conveyance of the fee carries with it the homestead, does it not eo instante operate an extinguishment of all homestead interests—work a complete merger of that interest in the fee? Is that not necessarily so? First, from the absence of ownership in the grantor, and, secondly, from absence of his use of the premises for a homestead? The grantee might purchase in order to obtain a homestead for himself, and having become owner and occupier, his own right of homestead would spring therefrom. There could not be an outstanding homestead in another person and an actual homestead in himself at the same time. Hence the deed of the debtor merged, so far as he was concerned, his whole interest in the grantee, and there was from the instant the deed was executed no such interest as the grantor's homestead remaining. The title passed just as free from a homestead interest as if none had ever existed. The debtor having thus fraudulently conveyed to the grantee and extinguished his homestead interest, whatever passed to the grantee remains subject to the creditors' demands. The grantee cannot hold against the adjudged fraud; the grantor cannot reclaim against his grant. The merger of the homestead interest by the grant enures to the benefit of

the creditors whom it was sought to defraud, because the abandonment of use and ownership by the deed was an annihilation of the homestead, thereby leaving the premises like any other realty owned by the grantor, to which no pretence of a homestead interest ever obtained. The same course of reasoning must necessarily mark a like result as to the inchoate dower—it was extinguished.

These views are not in accord with the opinions of many able judges; but no other conclusion seems defensible on a well-considered analysis of the many legal principles involved, if the owners of a homestead or of a dower interest can lawfully part therewith by a voluntary conveyance, and if, when they so part with such interest, they are so merged in the fee as to be extinguished—to no longer exist as separate or severable interests—why should they, when their fraud avoids their conveyance as to creditors, recover against their own deeds or estoppels what they have absolutely and solemnly parted with?

And why should the fraudulent grantor be permitted to sever from the fraudulent grant or recreate therefrom interests already merged and extinguished in order to save from the consequences of his fraud some portion of what he sought fraudulently to acquire. The consequences of such merger he must suffer; just as others do in fraudulent confusion of goods or interests. The law will not revive extinguished or merged interests to unravel for his benefit the tangled web of fraud he has woven. He had a right to abandon his homestead and thus subject it to execution and he has done so. The demurrer under the views thus expressed will have to be overruled notwithstanding the court holds that there is no interest remaining in Sauer or his wife, if the allegations of the bill be true. They, it is charged, claim respectively homestead and dower interests, though the deed was fraudulent as to creditors, and therefore they are proper parties. The title which the plaintiff seeks involves their demands and also their acts, and a judgment would not meet the exigencies of the case unless they were concluded thereby. The demurrers are overruled.

As to dower: 1 Scrib. Dower, 610 et seq.; Robinson v. Bates, 3 Metc. [Mass.] 40; 1 Washb. Real Prop. 203; Summers v. Babb, 13 Ill. 483; Rickard v. Talbird, Rice, Eq. 158; Stinson v. Sumner, 9 Mass. 143; Blair v. Harrison. 11 Ill. 384; Woodworth v. Page, 5 Ohio, 70; Manhattan Co. v. Evartson, 6 Paige, 457; Maloney v. Horan, 53 Barb. 29; Meyer v. Moher, 1 Rob. [N. Y.] 333; Stewart v. Johnson, 3 Har. [18 N. J. Law] 87. As to homestead: Castle v. Palmer, 6 Allen, 401; Getzler v. Saroni, 18 Ill. 518; Cassell v. Williams, 12 Ill. 390; Herschfeldt v. George, 6 Mich. 456; Sears v. Hanks, 14 Ohio St. 298; Piper v. Johnston, 12 Minn. 60 [Gil. 27]; Gardner v. Baker, 25 Iowa, 347; Rev. Code Mo. 1865, p. 449, § 1 et seq.

[NOTE. The defendant Wilder appealed to the circuit court, and the holding herein was reversed. Case No. 3,308.]