Chief Justice Robertson
delivered the Opinion of the Court.
This appeal brings up for revision a decree rendered in favor of Letitia Morton, against James Lawson, for dower in land sold to him by her deceased husband, in his lifetime, and to which the vendor had only an equitable title.
The first objection to the decre — that is, that it allotted the dower according to the value of the land at the time of allotment, estimated .as if Lawson had not improved it — cannot be sustained. The widow, though not entitled to any portion of the value imparted to the land by the labor or money of her husband’s vendee, was, if entitled to any thing, justly entitled to one third of the land as it would have been, at the time of allotment, had it never been sold to Morton, or improved by him, and for which third, when taken from him by her for her dower, he would have had recourse on his vendor’s representatives.
But other objections are more formidable.
First. If the decree for dower be right, the Circuit Judge certainly erred in not decreeing to Morton, on his cross bill against the appellee, as her husband’s administratrix, the amount to which he was entitled in consequence of the allotment of her dower in the land bought by him from her husband.
Second. As the land sold to Morton was not a distinct tract, but only a part of a larger tract claimed by his vendor, the appellee was not entitled, as a matter of course, to dower in each parcel of the original tract thus severed by the sale of a part of it. But if her entire *472 dower in the whole tract, including the part sold to Morton, could (as we infer that it might,) have been allotted to her in the part remaining unsold, the Court ought so to have allotted it, and thereby have avoided injustice to Morton, and the circuity and contingencies of another suit by him, against his vendor’s representatives. And in this view, it is also evident that Morton’s heirs were necessary parties, and that, as they were not made parties, the decree is, on that ground also, erroneous.
A widow may be endowed of a trust or an equitable interest in land, where the husband held such interest at the time of his death; but not where he had parted with it before he died. The transfer of the equity makes the title holder a trustee for the vendee, and his widow (if any) is entitled to dower in the land; the widow of the vendor is not.
Third. But there is, in our opinion, a still more radical objection to the decree; and that is, that the husband, having only an equitable interest in the land, did not die seized thereof.
It has been decided by this Court, and we still think correctly, that, though a surviving wife may be entitled to dower in a trust or equitable interest held by her husband in land at his death, yet, if he shall have parted with his beneficial interest prior to his death, the fourteenth section of an act of 1797 (Stat. Law, 444,) should not be so construed as to entitle her to dower therein.
In this case, the pleadings show that the husband never had been seized of the legal title. And, though he did not assign any bond he held for the title, still he had sold his beneficial interest, and thereby rendered the holder of the legal title a trustee for his vendee, Lawson; and consequently, the wife of Lawson, were he also now dead, would be entitled to dower in the land thus sold to him by Morton, and the wife of the vendor who had, at his death, no beneficial interest in that land, was, as we think, not entitled to any dower therein.
Wherefore, the decree of the Circuit Court, is reversed, and the cause remanded with instructions to dismiss the appellee’s bill.