Summers *v.* Babb.

NICHOLAS SUMMERS, Plaintiff in Error, *v.* NANCY BABB, Defendant in Error.

### ERROR TO CASS.

Although a wife join her husband in conveying lands, if that conveyance be set aside as fraudulent, at the instance of creditors, and the land is sold and conveyed under a decree for the benefit of such creditors, after the death of the husband, the wife will be entitled to dower in these lands.

The right to dower rests in action only. Before assignment, it cannot be aliened by the widow nor sold on execution against her. She may release it to the owner of the fee, but cannot transfer it to a stranger. When assigned, it becomes the subject-matter of sale and transfer.

A widow is only entitled to take her dower according to the valuation of the land at the time of the alienation; she is not dowable of improvements put upon the land, but is entitled to the benefit of its increased value, arising from other causes than the labor and expenditure of the alienee.

THE facts connected with this case are sufficiently stated in the opinion of the court. The decree was rendered by MINSHALL, J., at the September term, 1851, of the Cass Circuit Court.

S. T. LOGAN, for plaintiff in error.

M. McCONNEL, for defendant in error.

TREAT, C. J. In May, 1838, W. W. Babb and Nancy, his wife, conveyed certain lands to Butterworth. In July, 1841, in a suit in chancery, brought by the judgment creditors of Babb, the conveyance was set aside as fraudulent, and the lands were decreed to be sold, for the satisfaction of their judgments. In October, 1841, the lands were sold under the decree, and conveyed to the purchasers. In October, 1843, Butterworth reconveyed the lands to Babb. In November, 1844, the lands were conveyed by the purchasers at the sale to Summers, who entered into possession and made valuable improvements thereon. Babb died in October, 1849, his wife surviving him. In February, 1851, the widow filed a bill in chancery against Summers, claiming dower in the lands. The foregoing facts appear from

the bill and answer. At the September term, 1851, the court made a decree, appointing commissioners to allot the complainant dower in the lands, and directing them not to allow her the benefit of any improvements made thereon by the defendant. The entering of that decree is assigned for error.

*First.* Was the complainant entitled to dower in the premises? This question was in principle settled in Blain *v.* Harrison, 11 Ill. 384. In that case, the lands of Harrison were sold on execution. Subsequently, and before the time for redemption had expired, Harrison and his wife conveyed the same lands by way of mortgage. The premises were not redeemed, and the purchasers obtained a sheriff's deed. Harrison afterwards died, and his widow claimed dower in the lands. This court decided that her right to dower was not barred by the execution of the mortgage, because the estate mortgaged was extinguished by the failure to redeem from the prior sale, and the mortgage could not operate upon the contingent right of dower alone. It was held, in Stinson *v.* Sumner, 9 Mass. 143, where a wife released her claim to dower, by joining with her husband in a conveyance, and the grantee recovered back the purchase-money because of a defect in the title, that the release of dower thereby became inoperative, and did not bar her right to dower in the land after the death of her husband. It was decided in Robinson *v.* Bates, 3 Met. 40, where a wife joined her husband in a conveyance, and a creditor of the latter afterwards levied on the land, and recovered it in a real action against the grantee, on the ground that the deed was fraudulent as to creditors, that the wife was restored to her right, and could recover dower in the land. These decisions proceed on the ground that the mere right to dower cannot be separated from the principal estate. The right to dower, though consummate on the death of the husband, rests in action only. Before assignment, it cannot be aliened by the widow, nor sold on execution against her. She may release it to the owner of the fee, but cannot transfer it to a stranger. It attends the estate, and is only severed from it by assignment. When assigned, it becomes as much the subject-matter of sale and transfer as any other life estate in lands. There is nothing in the present case to take it out of the operation of this rule.

The creditors of Babb avoided the conveyance to Butterworth, and thereby defeated the estate upon which the release of dower was designed to operate. The complainant was restored to her right to dower in the lands, and she has since done no act estopping her from asserting it.

*Second.* Was the complainant entitled to the benefit of the improvements, made on the land by the defendant? This question must be answered in the negative. By the common law, in the case of an alienation by the husband, the widow takes her dower according to the value of the land at the time of the alienation, and not according to its subsequent increased or improved value. 4 Kent's Com. 65. The rule is well established in this country, that she is not dowable of improvements put upon the land subsequent to the alienation by the husband. The rule is founded in reasons of public policy. It tends to encourage the making of improvements and to advance the growth and settlement of the country. It works no injustice to the dowress. She has no just claim to the enhanced value of the land, caused by the labor and expenditure of the purchaser. A sale of the land on execution against the husband, is equivalent to an alienation by him. There is no reason for making any distinction between the two classes of purchasers. In either case, the purchaser acquires the entire interest of the husband. Our statute does not define dower. It provides for the assignment, but leaves the interest to be determined at common law. The authorities all agree, that, in the assignment of dower, the widow is not to be permitted to participate in the value of improvements made after the estate passed out of the husband. Thompson v. Morrow, 5 Serg. & Rawle, 289; Walker v. Schuyler, 10 Wend. 481; Catlin v. Ware, 9 Mass. 218; Tod v. Baylor, 4 Leigh, 498; Lawson v. Merton, 6 Dana, 471; Barney v. Frowner, 9 Ala. 901; Russell v. Gee, 2 Mills, S. C. R. 254; Allen v. McCoy, 8 Ohio, 418; Wooldridge v. Wilkins, 3 How. Miss. R. 360; McClanahan v. Porter, 10 Missouri, 746; Wilson v. Oatman, 2 Blackf. 223; Lewis v. James, 8 Humph. 537; Green v. Tenant, 2 Harrington, 336. There is some diversity of opinion upon the question, whether the widow is entitled to the benefit of the increased value of the land, arising from other causes than the la-

bor and expenditure of the alienee. But the weight of authority, in the United States, is decidedly in favor of her right. On this question Chancellor Kent remarks : " The better and the more reasonable American doctrine on this subject I apprehend to be, that the improved value of the land, from which the widow is to be excluded in the assignment of her dower, as against a purchaser from her husband, is that which has arisen from the actual labor and money of the owner, and not from that which has arisen from extrinsic or general causes." 4 Kent's Com. 68. In Powell v. Munson and Brimfield Manufacturing Co. 3 Mason, 347, Justice Story, after a thorough examination of the question, arrives at the same conclusion. He says: " Upon the whole, my judgment is, that the dower must be adjudged according to the value of the land in controversy at the time of the assignment, excluding all the increased value from the improvements made upon the premises by the alienees; leaving to the dowress the full benefit of any increase of value arising from circumstances unconnected with those improvements."

The direction of the Circuit Court to the commissioners was right. The decree is affirmed, and the cause is remanded for further proceedings under the decree.

