## CHARLES H. MORTON *et al.*
### *v.*
### CHARLOTTE NOBLE.

1. DOWER—*whether barred by inoperative deed.* Where a deed from husband and wife becomes inoperative as to the husband's estate, because made in fraud of the rights of creditors, or from any previous lien or incumbrance, or where the purchase money is recovered back for a defect of title in the husband, or by reason of any wrongful act on the part of the husband, the wife's dower in the land is not barred by the deed.

2. But where the husband and wife convey a perfect and indefeasible title, which is subsequently lost, solely by the fault and neglect of the grantee, the dower of the wife of the grantor in the land is not thereby restored.

3. As, where a party being seized in fee simple of certain land, he and his wife duly made, executed, and both acknowledged in due form of law, a deed conveying the title in fee simple to another, which deed was delivered but was not recorded until nearly a year thereafter, and subsequent to the execution of the deed and before it was recorded, a subsequent creditor of the grantor, there being no creditors at the date of the conveyance,

obtained a judgment against him, which became a lien on the land and the premises were sold under an execution issued on such judgment, the grantee in the deed failing to redeem from the sale but allowing the title to mature in the purchaser, it was *held* not essential to pass the right of dower that the deed should be recorded, and the title never having failed or been defeated by reason of any prior lien or incumbrance, or any act on the part of the grantor, but solely by the *laches* of the grantee in failing to record the deed, the right of dower in the wife of the grantor was forever barred.

APPEAL from the Superior Court of Chicago ; the Hon. JOHN A. JAMESON, Judge, presiding.

This was a petition for dower in certain premises, filed by Charlotte Noble ; Charles H. Morton and Henry C. Clement, being made parties defendant. On a final hearing the court decreed according to the prayer of the petition, and the defendants appeal. The facts necessary to an understanding of the case are sufficiently presented in the opinion of the court.

Messrs. SLEEPER & WHITON, for the appellants.

Messrs. HOLBROOK & DALE, and Messrs. HIGGINS, SWETT & QUIGG, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court :

The appellee, by proof of her marriage with Noble, his death and seizin of her husband during coverture, having made out a *prima facie* case entitling her to dower, the question arises whether the defense set up by the appellants is sufficient in law to bar her dower.

From the stipulation as to the facts, it appears that Mark Noble, the husband of the appellee, was seized in fee simple of the land in which dower is claimed, and that on the 7th day of October, 1836, he and his wife, the appellee, duly made, executed, and both acknowledged in due form of law, a deed conveying the title in fee simple to Benjamin Harris, which

178          · MORTON *et al. v.* NOBLE.          [Sept. T.,

Opinion of the Court.

deed was delivered to Harris on the same day, but was not re-corded until the 31st day of August, 1837. After the making and delivery of the deed to Harris, but before the same was recorded, one Jefferson Gardner recovered a judgment in the municipal court of Chicago, against Mark Noble, for the sum of $251.56, which judgment became a lien on real estate on the 7th day of July, 1837. At the date of the conveyance to Harris the land was vacant and unoccupied, and such proceed-ings were subsequently had, that the premises were sold on an execution issued on the Gardner judgment, and Harris failing to redeem, the title matured in the purchaser at that sale, and the appellants now claim title through certain *mesne* convey-ances as the grantees of the purchaser.

Mark Noble died in 1863, intestate, and the appellee filed her petition claiming dower in the premises.

It is not questioned that the deed of July 7th, 1836, was sufficient to release the right of dower if the title had remain-ed in Harris, but it is insisted, that inasmuch as the title was defeated in Harris by reason of the sale on the Gardner exe-cution, the dower is not barred, and the appellants, not connecting themselves with or claiming under the Harris title, can not set up the release of dower to him to defeat the demandant in this proceeding.

It will be observed that Harris obtained a perfect title to the land, free from all incumbrances. The title thus acquired remained in him for the period of about one year, and was only defeated by the *laches* of Harris, in not complying with the registry laws of this State, and by no fault or neglect of the grantor, Noble.

We fully recognize the doctrine, that when the deed from the husband and wife becomes inoperative as to the husband's estate, because made in fraud of the rights of creditors, or from any previous lien or incumbrance, or where the purchase money is recovered back for a defect of title in the husband, or by reason of any wrongful act on the part of the husband, the dower is not barred by the deed. *Blain* v. *Harrison*, 11

Ill. 384; *Summers* v. *Babb,* 13 Ill. 483; *Gove* v. *Cather,* 23 Ill. 634; *Stribling* v. *Ross,* 16 Ill. 122.

This case does not fall within the rule announced in any of the former decisions of this court. We have been referred to no case that holds that where the husband and wife conveyed a perfect and indefeasible title, and where the title was subsquently lost solely by the fault and neglect of the grantee, the dower would be restored. It is difficult to comprehend upon what principle such a doctrine could be maintained.

The doctrine of the cases cited above, rests upon sound reason. In case the title does not pass by the deed of the husband and wife, the dower will not, and hence the grantee takes nothing.

It is a familiar principle, that a widow can not release her right of dower to a stranger to the title, but in this instance the release was to the owner of the fee, and for that reason it was effectual. Harris was in no sense a stranger. By the deed from the demandant and her husband, he became vested with an absolute and indefeasible estate in the land. The title never failed. It was lost simply by the *laches* of the grantee.

There are many ways in which Harris, by mere neglect, could have allowed the title to pass from him. The land being vacant and unoccupied, he might have suffered a party to make an entry and hold possession for twenty years, until the right of possession had matured into an absolute title as against him. Had the title been lost in this way, it would hardly be insisted that the demandant in this case would be entitled to dower in the premises, simply by reason of the failure of Harris to assert his rights within the period fixed by the statute of limitations.

It is insisted, that Harris was not seized of the land as against the creditors of Noble, for the reason that the deed was not recorded in apt time. That was no concern of the grantor. It was not in his power to compel the grantee to place his deed on record. It does not appear that there were

any creditors of Noble at the date of the conveyance. If the grantee chose to withhold his deed from record, the grantor could not prevent it. But it is not true that Harris was not seized of the land as against the creditors of Noble. He was in fact seized of an absolute title as against all the world, and held it for the period of one year, and might have continued to hold it forever, except for his own *laches* in not complying with the registry laws of the State.

We are of opinion, therefore, that the deed to Harris was effectual to pass the right of dower, and the title never having failed or been defeated by reason of any prior lien or incumbrance, or any act on the part of the grantor, the right of dower is forever barred.

For the reasons indicated, the decree of the superior court is reversed and the cause remanded.

*Decree reversed.*

JUSTICES WALKER and McALLISTER dissent.