MUNGER vs. PERKINS and another.

*February 10 — March 3, 1885.*

DOWER: *(1) When fraudulent conveyance is set aside. (2) Future estate. (3) Damages for withholding, when recoverable.*

1. A widow is entitled to dower in lands which she joined with her husband in conveying, if such conveyance is subsequently set aside as fraudulent and void as to his creditors.

2. An inchoate right of dower is not a future estate within the meaning of sec. 2034, R. S.

3. The right of a widow upon the recovery of dower to recover damages for the withholding thereof, is not limited to cases in which the husband died seized of the lands, but she may recover such damages against an alienee of the husband, or against one who has become vested of the husband's title by operation of law. Secs. 2175–77, R. S.

APPEAL from the Circuit Court for *Waukesha* County.

Action to recover dower and damages for the withholding thereof. A jury was waived, and the cause was tried by the court. The facts will sufficiently appear from the opinion. There was a judgment in favor of the plaintiff for the recovery of her dower, to be admeasured; for the recovery of $324.98 damages for the withholding of said dower from demand to date of trial; and for costs. The defendants appealed.

For the appellants there were briefs by *Jenkins, Winkler & Smith,* and oral argument by *C. H. Van Alstine.* 1. The plaintiff's right of dower was extinguished by the deed of December 2, 1869, and the setting aside of the deed in no manner affected the title conveyed by her, thereby, to the grantee. *Manhattan Co. v. Evertson,* 6 Paige, 457, 465; *Meyer v. Mohr,* 1 Robt. (N. Y.) 333; *Cox v. Wilder,* 5 Nat. Bank. Reg. Rep. 443; *Stewart v. Johnson,* 18 N. J. Law, 87, 97. Decisions to the contrary (as *Summers v. Babb,* 13 Ill. 484) proceed upon the ground that the right to dower can-

not be separated from the principal estate, and that when the title acquired from the husband fails the grantee for any reason, such failure operates at once to restore the wife to her right of dower. This should not be the law in this state. The wife's inchoate right of dower is an estate. *Godfrey v. Thornton*, 46 Wis. 683. It is her estate, and the title which the grantee acquired by the deed of December 2, 1869, to the plaintiff's dower right was derived directly from the plaintiff and by her grant. *Witthaus v. Schack*, 24 Hun, 328, 330; *Simar v. Canaday*, 53 N. Y. 305. The dower right is a future estate within sec. 2034, R. S. 2. If entitled to dower, the plaintiff is not entitled to damages for the withholding. The statute gives damages only where the husband died seized. Sec. 2175, R. S., is the only section giving the right, and the only one to be considered. It is substantially the Statute of Merton. 2 Scribner on Dower, 700. This statute was recognized as being in force in New York before the R. S. *(Embree v. Ellis*, 2 Johns. 119), was adopted by statute in 1813 *(Hitchcock v. Harrington*, 6 Johns. 294), and was re-enacted by the R. S. of 1830 (Vol. 1, p. 742, part 2, tit. 3, sec. 19). Of this statute, sec. 24, ch. 62, Wis. R. S. 1849, is an exact copy, as is also sec. 24, ch. 89, R. S. 1858, and sec. 2175, *supra*. The decisions of England and New York construing that statute, prior to its adoption here, are therefore binding. See *Jones v. Jones*, 2 Cromp. & Jer. 601; *S. C.* 2 Tyrwh. 531; 2 Scribner on Dower, 710, sec. 21; 2 Washb. on R. P. (3d ed.) 264, sec. 16; *Humphrey v. Phinney*, 2 Johns. 485; *Johnson v. Thomas*, 2 Paige, 377, 383; *Hawley v. James*, 5 id. 453–4; *Palmer v. Voorhis*, 35 Barb. 479, 482. See, also, *Sharp v. Pettit*, 4 Dall. 212; *Barnet v. Barnet*, 15 Serg. & R. 72–3; *Benner v. Evans*, 3 Penrose & W. 454; *Leineweaver v. Stoever*, 17 Serg. & R. 297; *Care v. Keller*, 77 Pa. St. 487, 491; *Shirtz v. Shirtz*, 5 Watts, 255; *Waters v. Gooch*, 6 J. J. Marsh. 586; *Marshall v. Anderson*, 1 B. Mon. 198; *Hill v. Golden*, 16 id.

Munger vs. Perkins and another.

551; *Fisher v. Morgan*, 1 N. J. Law, 125; *Sheppard v. Wardell*, id. 452.

For the respondent the cause was submitted on the brief of *Page & Cass.* As to the right to dower, besides the cases cited in the opinion, they cited *Harrison v. Eldridge*, 7 N. J. Law, 392; *Douglass v. McCoy*, 5 Ohio, 527; *Powell v. M. & B. Mfg. Co.* 3 Mason, 347; *Hall v. Savage*, 4 id. 273; *Barker v. Parker*, 17 Mass. 564; *McFarland v. Goodman*, 6 Biss. 111, 119; *Harriman v. Gray*, 49 Me. 537; *Pixley v. Bennett*, 11 Mass. 298; *Littlefield v. Crocker*, 30 Me. 192; *Taylor v. Fowler*, 18 Ohio, 567; *Woodworth v. Paige*, 5 Ohio St. 70; *Kitzmiller v. Van Rensselaer*, 10 id. 63; *Gove v. Cather*, 23 Ill. 634; *Pinson v. Williams*, 23 Miss. 64; *Gray v. McCune*, 23 Pa. St. 447, 451; 1 Washb. on Real Prop. 250–1. As to the right to damages: *Thrasher v. Tyack*, 15 Wis. 256; *Cowan v. Lindsay*, 30 id. 586; *Brown v. Brown*, 31 How. Pr. 481; *Marble v. Lewis*, 36 id. 337, 342.

Cole, C. J. The circuit court held that the plaintiff was entitled to dower in the lands described in the complaint. The main question is as to the correctness of the decision on that point. It appears that the plaintiff, December 2, 1869, joined with her husband, Gaius Munger, in a deed of the lands to their daughter, Isadore G. Munger, for a money consideration of $100 and an agreement on the part of the grantee to support them during their lives. Subsequently, proceedings in bankruptcy were instituted against Gaius Munger, which resulted in his being declared a bankrupt and the appointment of an assignee of his estate. The assignee filed a bill in the United States court against Isadore G. Munger, to set aside the deed, as fraudulent and void as to the creditors of Gaius Munger, which resulted in a decree on the 5th day of February, 1872, adjudging the deed to be fraudulent and void as to the creditors of the bankrupt, and as against the assignee, and setting the deed aside, and

wholly vacating it. The defendants derive title under the assignee's sale. So the question in. the case is, Can the plaintiff claim dower in lands which she joined her husband in conveying to her daughter, but which conveyance has been set aside as fraudulent and void as to her husband's creditors? This question is one upon which there is some conflict of judicial opinion. It is a new one in this court, and we have to make choice between conflicting decisions. We feel obliged to yield to what appears the weight of authority, as well as the better reason, and sustain the plaintiff's claim to dower in the lands.

We shall not review the decisions upon this subject, or even attempt to state at any length the reasons which the courts have given for their conflicting conclusions. Those courts which support the claim for dower in such a case do so upon the ground that the release by the wife of her inchoate right of dower operates against her by way of estoppel. It accompanies or is incident to a conveyance by her husband, and binds only in favor of those who are privy to and claim under the title created by his conveyance. It cannot exist as a separate right disconnected from the husband's estate. If, therefore, the husband's deed be avoided, there remains no estate in his grantee to feed an estoppel, and the wife is again clothed with the right of dower which she had released. On the other hand, it is said that a deed, though fraudulent as against the husband's creditors and subject to be set aside as to them, is yet valid as between the parties to it, and that the fee passes so that the husband cannot recall it. The wife, by joining in the conveyance with him, effectually and forever releases her right of dower in the lands conveyed, and the setting aside of the deed in no manner affects the rights or interest conveyed by her to the grantee. This view of the question is most forcibly presented by Judge TREAT in *Cox v. Wilder*, 5 Nat. Bank. Reg. Rep. 443. That case, however, was reversed on appeal (2

Dill. 45), where it was held that as against the assignee in bankruptcy the wife was not barred or estopped from claiming dower by reason of her having joined her husband in a deed which was fraudulent as to creditors, and which had for that reason been set aside at the instance of the assignee. The opinion is by DILLON, C. J., and on this point was concurred in by the district judge, KREKEL.

There is a very full and instructive discussion of the question in *Malloney v. Horan*, 49 N. Y. 111, where the decisions in that state are examined by Judge FOLGER, and the conclusion is reached that the wife is entitled to dower when the conveyance of the husband in which she joined is set aside as fraudulent as to creditors. The decision seems to settle the law in New York in conformity to the weight of authority elsewhere. As to the effect and operation of a release by a wife of her inchoate right of dower, Judge FOLGER observes that the wife cannot, neither can a widow until admeasurement, convey or assign her dower. The joining with the husband in his conveyance is but a release by the wife of a contingent future right, and operates against her by way of estoppel. "And inasmuch as the release of dower, to be operative, must be in conjunction with the conveyance or other instrument which transfers title to the real estate, it follows that if the conveyance or instrument is void, or ceases for any reason to operate, and no title has passed, or none remained, the release of dower does not after that operate against the wife, and she is again clothed with the right which she had released." Essentially to the same effect are the decisions in *Stinson v. Sumner*, 9 Mass. 143; *Robinson v. Bates*, 3 Met. 40; *Woodworth v. Paige*, 5 Ohio St. 70; *Blain v. Harrison*, 11 Ill. 384; *Summers v. Babb*, 13 Ill. 483; *Morton v. Noble*, 57 Ill. 176; *Porter v. Lazear*, 109 U. S. 84. These cases and others which support the claim of dower where the wife joined the husband in a fraudulent conveyance which creditors avoided,

will be found on the brief of counsel. We have examined all the authorities cited upon the other side of the question, but shall not comment on them.

It is a familiar remark that dower is a highly favored right in the law; certainly, the right ought to be upheld where it can be without a violation of legal principles. As the prevailing current of authority supports the right in a case like this, we are disposed, as we have said, to yield to that authority. See 1 Washb. on R. P. (4th ed.), 203; 1 Scribner on Dower (2d ed.), ch. 30.

We think it plain that an inchoate right of dower is not a future estate, within the meaning of sec. 2034, R. S. The wife's interest is contingent, does not become vested until the death of her husband, and cannot be conveyed or relinquished except in the manner pointed out by the statute. *Wilber v. Wilber*, 52 Wis. 298. The wife cannot, during coverture, convey or release her inchoate right of dower to one having no interest in the land except that which he derived from her release, or to a stranger to the title. *Elmendorf v. Lockwood*, 57 N. Y. 322; *Morton v. Noble*, 57 Ill. 176; *Moore v. Mayor*, 8 N. Y. 110.

The next question is, Could the plaintiff recover damages for the withholding of her dower, upon the facts of the case? She demanded of the defendants in writing that her dower be assigned to her. The circuit court held that she was entitled to damages from the time of making demand. Was this view of the law correct? We think it was. In the first place, it will be borne in mind that our statute declares that the widow shall be entitled to dower of all the lands of which her husband was seized at any time during marriage, unless she has been lawfully barred thereof. Sec. 2159. It further provides, whenever, in an action brought for the purpose, a widow shall recover her dower in lands in which her husband shall have died seized, she shall be entitled also to recover damages for the withholding of such

dower. Sec. 2175. Of course, the logic of our decision is that the plaintiff has never been lawfully barred of her right of dower in the lands in question. But it is said the husband did not die "seized" of the lands in this case, because his title had been divested by the bankrupt proceedings against him years before his death. But we think the statute does not limit the widow in recovering damages to the cases where the husband died seized.

The provisions of the statute upon the subject must all be considered and construed together. When that is done the intent is manifest to allow the widow to recover damages against the alienee of the husband, and against one who has become vested of the husband's title by operation of law. See *Thrasher v. Tyack*, 15 Wis. 256; *Cowan v. Lindsay*, 30 Wis. 586. Sec. 2176 provides in effect that the damages which the widow is entitled to recover shall be one third part of the annual value of the mesne profits, "to be estimated in an action against the heirs of her husband from the time of his death, *and in actions against other persons* from the time of her demanding her dower of such persons, not exceeding six years in the whole." It is said the words "other persons," as here used, refer to those holding the lands under the heirs, and do not include the alienee of the husband, nor one who has become vested of the husband's title by operation of law; but we can perceive no sufficient reason for thus restricting the language. The words "other persons" are comprehensive enough to include as well the alienee of the husband, or one who has become vested of his title by legal proceedings, as the alienee of the heirs. In an action against the heirs the widow recovers damages from the death of her husband, not exceeding six years. In an action against all other persons, which means those who have become vested with the title of lands in which the widow is endowable, she recovers damages from the time of her demanding her dower of such persons, not exceeding six years

in the whole. Under the early statute in New York, the widow, in an action against the alienee of the heir, was allowed to recover full damages from the death of the husband, who died seized. *Hitchcock v. Harrington*, 6 Johns. 290. But by the statute of that state now, as well as by ours, in an action against one not the heir, the widow recovers damages only from the time of demanding the dower, not exceeding, etc.

This view of the statute is greatly strengthened by sec. 2177, which provides that "when a widow shall recover her dower in any lands alienated by the heir of her husband, she shall be entitled to recover of such heir, in an action, her damages for withholding such dower from the time of the death of her husband to the time of the alienation by the heir, not exceeding six years in the whole; and the amount which she shall be entitled to recover from such heir shall be deducted from the amount she would otherwise be entitled to recover from such grantee; and any amount recovered as damages from such grantee shall be deducted from the amount she would otherwise be entitled to recover from such heir." So, when all the provisions of the statute are regarded, we think the view taken of it by the learned counsel for the defendants is incorrect.

A like construction was placed upon the New York statute in *Marble v. Lewis*, 36 How. Pr. 337. That decision is sharply criticised by counsel, but we think it accords with the spirit of the statute.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.