In re LINGAFELTER.

PUGH v. LINGAFELTER.

(Circuit Court of Appeals, Sixth Circuit.   June 7, 1910.)

No. 2,011.

DOWER (§ 49*)—EFFECT OF RELEASE IN VOID MORTGAGE.

A wife's right of dower in her husband's real estate cannot be separated from the principal estate, and where a mortgage given by him to secure a debt of his own, in which she joined for the purpose of releasing her dower interest, is set aside after his bankruptcy as a preference, and the property restored to his general estate, such mortgage is also inoperative to release or bar her dower right and cannot be enforced by the mortgagee as a conveyance of her dower interest in the property.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 154–175; Dec. Dig. § 49.*]

Petition for Revision of Proceedings of the District Court of the United States for the Eastern Division of the Southern District of Ohio, in Bankruptcy.

In the matter of James F. Lingafelter, bankrupt. On petition of Joseph N. Pugh, as receiver of the Homestead Building & Savings Company of Newark, Ohio, to review an order of the District Court. Affirmed.

The following is the opinion of the District Court by Sater, District Judge:

A mortgage given by the bankrupt to secure his valid pre-existing debt, in which his wife released her inchoate right of dower in the premises conveyed, was heretofore in these proceedings voided as against his creditors. Thereafter the trustee in bankruptcy sold the bankrupt's real estate. The wife prayed the computation and payment to her in cash of the value of her dower right. The Homestead Building & Savings Company, the mortgagee, asked that the value of her dower be paid to it. The referee found in its favor. The bankrupt's estate is hopelessly insolvent.

Bigelow on Frauds, vol. 1, p. 253, and vol. 2, p. 67, holds that, because a conveyance in fraud of creditors, though it be without consideration, is good as between the grantor and grantee, the wife's release of dower, if she is not also a victim of the fraud, remains good against her in favor of the grantee, although the conveyance be voided as against the husband's creditors, and all of the estate, except the wife's dower, be taken by them to satisfy their claims. The view there expressed is that, having solemnly parted with her interest in the estate conveyed by her husband, her release operates as an estoppel, though not as a grant. The author concedes that courts have not hesitated to hold to the contrary, and that while Woodworth v. Paige, 5 Ohio St. 70, on which the savings company relies, does not decide the point, the inclination of the court was toward the widow's right to her dower. The direct question at issue in that case was whether or not a wife, who, in a deed executed and delivered without any consideration and to defraud creditors, releases dower, is thereby estopped to claim against a purchaser for a valuable consideration from the fraudulent grantee. Judge Thurman in his opinion said:

"It would seem obvious that, if the deed of the husband and wife was executed for a sufficient consideration and was invalid only by reason of the intent to defraud creditors, she ought to be barred of her dower as against the grantee and his privies."

Considering all that is disclosed by the statement of facts and the opinion, the above-quoted passage rests, in my judgment, on the assumption and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fact that the deed had not been set aside. If this be incorrect, the utterance is obiter dictum, because there was no issue involved in that case which called for an expression of opinion as to whether or not a wife who has joined her husband in a fraudulent conveyance by releasing her inchoate right of dower may assert such right against the fraudulent grantee, in case the conveyance is voided and the premises thereafter sold to pay creditors. Munger v. Perkins, 62 Wis. 499, 503, 22 N. W. 511, 512, cites, among other authorities, Woodworth v. Paige to sustain the point that:

"The joining with the husband in his conveyance is but a release by the wife of a contingent future right and operates against her by way of estoppel. And inasmuch as the release of dower, to be operative, must be in conjunction with the conveyance or other instrument which transfers title to the real estate, it follows that if the conveyance or instrument is voided, or ceases for any reason to operate, and no title is passed, or none remains, the release of dower does not after that operate against the wife, and she is again clothed with the right which she had released."

In Black v. Kuhlman, 30 Ohio St. 196, it appears that the husband had given two mortgages in which the wife had not joined. He gave a third mortgage in which she released her contingent right of dower. In foreclosure proceedings the property was sold, and the third mortgagee was, on distribution, awarded the money value of the wife's contingent dower interest, although the proceeds of the sale were insufficient to satisfy in full the two preceding mortgages executed by the husband alone. This case is claimed to be analogous to and decisive of the case at bar. The answer is that the third mortgage was not void and had not been so declared. The default decree, on which the property was sold, was based on it as a valid subsisting mortgage. The mortgagee was, and in fact remained, the husband's bona fide grantee in the conditional conveyance. In the present case, the title to the bankrupt's real estate was in the trustee in bankruptcy at the time the mortgage was voided. The title passed from him to the purchaser by the sale conducted under the bankrupt act, and, had the wife not waived her contingent right of dower and asked to be paid its money value, the purchaser would have taken the title encumbered by it. Ridgway v. Masting, 23 Ohio St. 294, 13 Am. Rep. 251. The savings company was adjudged to have acquired its lien or conditional conveyance wrongfully. The position of grantee is not occupied by it, but by the purchaser at the trustee's sale. It is not entitled to the value of her dower interest, because no one can avail himself of a wife's release of dower other than the person who claims under the very title which was created by the conveyance with which the release was joined, and, if the conveyance is set aside, a grantee cannot retain the dower interest of the grantor's wife. Bump on Fraudulent Conveyances, §§ 478, 637.

Light is thrown on the point here in issue by Lockett v. James, 8 Bush (Ky.) 28. The husband and wife executed a conveyance to Lockett, which was set aside because in fraud of the husband's creditors. The wife, as in this case, was not liable for any of his debts, nor was she a party to the suit. Lockett defended, claiming the lands as a bona fide purchaser. The proceeds, including the value of the wife's contingent dower right, was, by the trial court, awarded to creditors. Lockett claimed that though the deed of the husband and wife to him had been adjudged fraudulent and void as against creditors, and for that reason only had been annulled as to him, it was nevertheless effectual as a conveyance to him of the wife's dower interest. On that point (the husband having died), it was said that:

"The absolute invalidity of the deed as a conveyance of the legal title being judicially established and admitted, we are of the opinion that upon its avoidance at the instance of creditors * * * it was no longer effectual as between the appellant and the surviving widow, as a bar to her right of dower, either as a conveyance or in estoppel. 1 Scribner on Dower, 610; 1 Wash. Real Prop. 213; Robinson v. Bates, 3 Metc. [Mass.] 40."

This is in accord with the per curiam in Ridgway v. Masting, supra. A fraudulent mortgage and deed in which the wife had released her inchoate right of dower had been set aside in a proceeding to which the wife was not a party. The premises were, by order of court, conveyed to the defrauded party; but there was no release of dower. It was held that, because the

fraudulent instruments had been declared void, the plaintiff took no title from the husband of the petitioner (the widow), and that her rights in the property remained in the exact state they would have occupied had the fraudulent conveyance never been made.

Lockett v. James is cited in a note in Scribner on Dower, p. 646, to the point that it is well established by later cases that a widow may have dower where a conveyance fraudulent as to creditors is set aside as to them, and that the whole conveyance under such circumstances falls. The doctrine of estoppel, by reason of the wife's joinder in the deed, is not, in such cases, regarded as applicable.

The nature of the inchoate right of dower supports the view above expressed. It is a legal, contingent, valuable right or interest in the husband's lands; but it is not an estate. McArthur v. Franklin, 15 Ohio St. 509, and 16 Ohio St. 201; Jewett v. Feldheiser, 68 Ohio St. 523, 67 N. E. 1072; Ballard's Ohio Law of Real Prop. vol. 1, § 265; Kennedy v. Nedrow, 1 Dall. (Pa.) 415, 1 L. Ed. 202. It is not the result of contract, but is a creature of positive law founded on reasons of public policy and subject, while it remains inchoate, to such modifications and qualifications as legislation, for like reasons of public policy, may see proper to impose. Weaver v. Gregg, 6 Ohio St. 547, 549, 67 Am. Dec. 355. The wife alone cannot legally convey or transfer it (Black v. Kuhlman, 30 Ohio St. 199, 202), or assign it to a stranger to the title (McArthur v. Franklin, 15 Ohio St. 509), nor can it be sold under execution (Summers v. Babb, 13 Ill. 483). Where no lands are conveyed by a deed from the husband in which the wife releases her contingent right of dower, the right of dower does not pass as a separate substantive estate, for the law will not permit the alienation of such contingent interest. Douglass v. McCoy, 5 Ohio, 522, 527. It is but an incident to the principal estate and cannot be separated from, but falls and perishes with it. Bohannon v. Combs, 97 Mo. 446, 11 S. W. 232, 10 Am. St. Rep. 328. When the mortgage given by the bankrupt became inoperative as against his creditors to convey his estate, it became inoperative to release or bar his wife's contingent right of dower. Frederick v. Emig, 186 Ill. 319, 57 N. E. 883, 78 Am. St. Rep. 283; Ballard's Law of Real Prop. § 275.

Other authorities supporting the views above expressed are Cox v. Wilder, 2 Dill. 45, Fed. Cas. No. 3,308; Rodgers, Dom. Rel., § 405; Kerr on Real Prop. §§ 1066, 1075; Loveland on Bank (3d Ed.) 482.

The referee is reversed.

Edward Kibler, for petitioner.
Roderic Jones, for respondent.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

WARRINGTON, Circuit Judge. The question presented in this proceeding is whether a wife's release of dower, contained in a mortgage executed by her husband and her for his benefit and upon his property, can be enforced by the mortgagee after the husband has been adjudicated a bankrupt and the mortgage has been adjudged to be null and void as constituting a preference under the bankruptcy act.

The referee in bankruptcy held that the receiver of the mortgagee could recover the estimated value of the contingent right of dower and made an order accordingly. Upon a petition for review the District Court reversed this order. Upon a petition to revise in matter of law and reverse the order of the District Court, the case is pending here.

On May 11, 1903, Lingafelter, the bankrupt, executed and delivered a mortgage on his property in which his wife released dower to the

Homestead Building & Savings Company of Newark, Ohio, to secure the payment of $50,000. A deed of trust conveying less property than that covered by the mortgage had been executed by Lingafelter alone and delivered to the Homestead Company prior to the giving of the mortgage. Lingafelter was secretary and manager of the Homestead Company, and the object of the mortgage, as well as that of the deed of trust, was to indemnify the company against shortages with which the secretary and manager was charged. The mortgage was not recorded until May 11, 1904, one year after its execution, and it is claimed that the reason for this delay was forbearance to expose the mortgagor, also to avoid financial trouble in the affairs of the Homestead Company itself and likewise of the Newark Savings Bank Company of which Lingafelter was cashier.

On September 6, 1904, within four months after the mortgage was placed of record, an involuntary suit in bankruptcy was commenced against Lingafelter, and on March 25, 1905, he was adjudged a bankrupt. The business of the Homestead Company was placed in the hands of a receiver, who presented for allowance proofs of a secured claim against the bankrupt's estate. The referee found the amount due to the receiver to be $81,843.65 growing out of shortages in the assets of the company, and caused an issue to be made up between the receiver and the trustee on the question of whether this sum should be allowed as a secured claim. Mrs. Lingafelter was not a party to the proceeding involving this issue. The referee found that the mortgage (as well as the deed of trust) was a "preference within the bankruptcy act, and as such is null and void and of no effect," and thereupon declared it to be "null and void" and ordered that it be "set aside as against creditors" of the bankrupt's estate; and at the same time ordered the trustee to sell the real estate "free and clear of * * * the dower interest" of Mrs. Lingafelter, but reserved the question of who was entitled to the "dower interest" for future decision. This order of the referee was affirmed by the District Court, and no proceeding to review that order was ever taken.

Mrs. Lingafelter filed an answer in the proceeding to sell, stating that she had "never assigned, transferred, or sold her dower interest in the property" except by the mortgage in question; that under the bankruptcy act the mortgage was "invalid as a preference" to the Homestead Company and of "no avail" to the company or to the general creditors for any purpose. The prayer was that in the sale of the property her dower rights be protected, and that "the said property may be ordered sold subject to her said dower rights, or that the value of her said dower rights in said real property be ascertained and ordered paid to her in money by the trustee herein or ordered invested for her use and benefit." The trustee sold the real estate free of dower, and the court determined the value of her dower right to be $849.21, and this sum is held by the trustee.

The single issue is whether this money shall be paid to Mrs. Lingafelter or to the receiver of the Homestead Company. It is insisted on behalf of the receiver that as between the Lingafelters and the Home-

stead Company the mortgage is valid, and that the wife can claim no part of the proceeds of sale until the mortgage is paid. The theory is that the mortgage was no more than a voidable preference, and that this was simply a name unless avoided at the instance of creditors.

This seems to us to overlook the necessary effect of the order vacating the husband's conveyance, upon his wife's release of dower. The transaction concerned the husband's debt, and, as regards the present question, his property alone. The Homestead Company demanded the mortgage, and Lingafelter and his wife yielded to the demand. The object manifestly was to apply the whole property free of dower, exclusively to the payment of the debt due to the company. The very contention that the mortgage is still valid as between the Lingafelters and the company impliedly concedes that the purpose of the mortgage could not have been accomplished except by the joint action of the husband and wife. Plainly the husband could have conveyed his estate in the land through his own separate act taken independently of any act of his wife; but it is not claimed that the wife could have acted in a corresponding manner with respect to her right of dower.

In the order of affirmance of the District Court adjudging the mortgage to be null and void and setting it aside as against creditors, it was also adjudged that the proceeds of the "property mentioned in said mortgage be distributed by the trustee equally between the general creditors of said bankrupt." Thus, whatever estate of the husband may be said to have passed to the mortgagee, it was as effectually diverted from the original object of the mortgage as if the instrument had never been executed at all. The result of the contention of learned counsel therefore comes to be that recovery can be maintained on the hypothesis that the wife's right of dower belongs to a stranger to the estate of her husband. We think the principle underlying the release of dower is so far ignored in this contention that it will not be amiss to notice and keep in mind some of the Ohio decisions bearing upon the subject.

In Douglass v. McCoy, 5 Ohio, 523, 527, the plaintiff, who was in possession of land purchased by him at judicial sale, had filed a bill to quiet title against claims set up by defendants. The judgment under which the sale had been made antedated a certain deed that the judgment debtor and his wife had executed conveying the land to another. It was in substance urged against plaintiff that, since the dower interest had not been acquired at the judicial sale, the grantee in the deed could set it up as a bar to the plaintiff's suit. Judge Lane, speaking for the court, said:

"Although the deed from Findlay and wife to McCoy extinguished the right of dower in the land conveyed, it was not intended to pass, nor did it pass, the right of dower as a separate substantive estate, if no lands were conveyed by the deed, for the law will not permit the alienation of such possible contingent interests. 4 Kent's Com. 254; [Stinson v. Sumner], 9 Mass. 143 [6 Am. Dec. 49]. Neither can it be aliened before assignment, so as to enable the grantee to maintain a suit in her own name, for it lies in action only. [Jackson ex dem. Clowes v. Vanderheyden] 17 Johns. [N. Y.] 167 [8 Am. Dec. 378]."

In Miller's Adm'r v. Woodman, 14 Ohio, 518, 521, in speaking of a dower interest vested in a widow, Hitchcock, J., said:

"It is not in the power of the widow to transfer any interest in it, until it has been actually assigned. When the dower is assigned, when it is aparted and set off to her by metes and bounds, then she may sell and convey, not before. The right, the chose in action, if I may so speak, is not assignable. It may be relinquished to him who has the next estate of inheritance in the land out of which it is to be carved, but cannot be transferred to a third person."

In Weaver v. Gregg, 6 Ohio St. 547, 551, 67 Am. Dec. 355, where a question arose touching the right of dower under certain statutory proceedings in partition, Brinkerhoff, J., said of the wife's right of dower in her husband's undivided interest in the land:

"She has a contingent possibility of interest in it, which may be released, but no property, no actual interest in it which is the subject of grant or assignment. Miller's Adm'r v. Woodman, 14 Ohio, 518."

In McArthur v. Franklin, 15 Ohio St. 485, 509, White, J., had occasion to say:

"Although the right of a wife to dower is contingent upon her surviving her husband, nevertheless it is a right or interest in the land, created by the law for her benefit and vested in her. * * * It is true she cannot assign it to a stranger."

In 2 Scribner on Dower (2d Ed.) p. 307, par. 40, it is said:

"It is well settled that it is no defense to an action for dower that the widow has released her dower to a stranger."

See, also, Rice on Modern Law of Real Property, p. 147; 1 Washburn on Real Property (6th Ed.) §§ 423, 483.

While it is held in Mandel v. McClave, 46 Ohio St. 407, 22 N. E. 290, 5 L. R. A. 519, 15 Am. St. Rep. 627, that a contingent right of dower is property and of ascertainable value according to mortality tables, etc., it is nowhere held in Ohio that it is susceptible of grant or assignment.

The logic, however, of the argument made on behalf of the Homestead Company is that a wife's right of dower may be withheld from her under conditions in which it could not have been acquired. The endeavor to work out this result is of a twofold character. One claim is that while the inchoate right of dower cannot be assigned it may be released; but to insist that the release is operative after the husband's conveyance is annulled is in effect to give to the release the attributes of an assignment. The other claim is sought to be maintained upon the familiar distinction between voidable and void instruments, but we think it comes to the same end concerning the release. For the idea is that, since the mortgage was merely voidable, the release of dower was good when made and remained so in spite of the annihilation of the mortgage so far at least as it affected the estate of the husband.

One vice, if there be any in such claims, is that they ignore the necessity of continuously sustaining the release of dower, as well as of acquiring it, as part of the estate and as an incident of a conveyance of the husband. The estate and conveyance of the husband are the

essential foundation of the release, no matter how the latter is effected. It is therefore most difficult after annulment of the husband's conveyance actually happens to perceive anything, and nothing is stated, upon which the release can any longer rest or operate. The last suggestion is that it is sustainable by estoppel; but, as said by Mr. Rice when speaking of a release of an inchoate right of dower (175):

"Such a release can be availed of only by one who claims under the very title created by the conveyance with which the release is joined."

And Scribner observes:

"Her renunciation of dower is to attend the conveyance of her husband; to endure while that endures and no longer." 2 Scribner on Dower (2d Ed.) p. 313, par. 49.

Illustration of the need of continuing the primary support of the release of dower may be found in Black v. Kuhlman, 30 Ohio St. 196, relied on by the Homestead Company. There the validity of the third mortgage in which alone the wife had joined was not questioned. Hence the only thing to prevent the third mortgagee from recovering more than the value of the dower interest was simply the circumstance that the property did not sell for enough to pay the claims of the first and second mortgagees and also the claim of the third mortgagee. Another illustration may be seen in the language of Earl, J., in Elmendorf v. Lockwood, 57 N. Y. 322, 325:

"But in all cases, when the wife unites with her husband in a conveyance, properly executed by her, which is effectual and operative against her husband, and which is not superseded or set aside as against him or his grantee, her right of dower is forever barred, and extinguished, for all purposes and as to all persons."

The difficulty confronting the Homestead Company is inherent in the subject-matter. When the mortgage was vacated and set aside, the title of the trustee under section 70a (4) of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]) and his right to administer the property of the husband for the equal benefit of all the creditors became absolute. The release being thus completely severed from the only support it ever had, it ought to follow that the right of dower attached again to the wife; and that too without regard to the cause of annulment of the husband's conveyance.

It is, however, insisted that decisions relating to instruments which are by statute denounced as void and not merely as voidable are not pertinent to the solution of the present question. The objection is that they proceed upon the theory only that the instruments were void ab initio. But we think the better considered decisions are also, if not chiefly grounded upon the principle before discussed, that a wife's release of dower can survive only so long as it attends the estate and conveyance of her husband; or, stated in another way, that, when the principal estate falls, the incident must fall with it.

Ridgway v. Masting, 23 Ohio St. 294, 13 Am. Rep. 251, we think may fairly be said to have recognized this principle; for, while the person there resisting the dower claim was the one at whose instance the deed containing the release of dower was set aside, yet the release was not allowed to operate after the deed was avoided and the hus-

band's estate declared to belong to a stranger to the deed. In that case Mrs. Masting sought dower in lands which her husband had in his lifetime agreed to sell to Mrs. Ridgway and of which he had given her possession. Afterward, Masting and wife mortgaged the land to one Carpenter, and subsequently joined in a deed to the wife of Carpenter conveying the premises absolutely. In an action brought by Mrs. Ridgway against the husband, Masting, and Carpenter and his wife, but to which the wife of Masting was not a party, the mortgage and deed were declared fraudulent and void and were set aside as against Mrs. Ridgway. It is stated in the syllabus:

"A release of dower by a married woman, who joins her husband for that purpose in a deed to defraud purchasers, is binding only as against the releasee and his privies; and where such fraudulent conveyance is set aside at the suit of the party injured, and a transfer of the premises, as against her husband, is decreed to the plaintiff, the wife, in the event of her surviving the husband, is entitled to dower as against such owner."

In the excellent work of Scribner before cited, the learned author said:

"A wife who joins with her husband in a conveyance of his lands is not a party thereto except for the purpose of relinquishing her dower. She is not to be regarded as alienating a real subsisting estate, but as releasing a future contingent right. Her renunciation of dower is to attend the conveyance of her husband; to endure while that endures, and no longer. Hence, if the conveyance of the husband be inoperative, or if it be set aside, or avoided, the right of dower remains unimpaired.

"It is upon this principle that dower is restored where a conveyance in which the wife has joined is set aside as fraudulent as to the creditors of the husband." 2 Scribner on Dower, p. 313, par. 49.

See, also, opinion of Maxwell, J., in Dubois v. Ebersole (Common Pleas, Ham. Co., O.) 20 W. L. B. 401. In Bohannon v. Combs, 97 Mo. 446, 448, 11 S. W. 232, 10 Am. St. Rep. 328, Sherwood, J., cited quite a number of decisions, which we refer to but do not set out, and from them he deduced this rule:

"Although there are authorities to the contrary, the better opinion is that when a conveyance of the husband in which the wife joins is set aside as being fraudulent as to creditors, this will result in reviving the wife's right of dower, for that, the deed of the husband being void, there is no estate left in the grantee upon which the relinquishment of dower can operate; hence, the wife is restored to her former rights."

After allusion to the overthrowal of the deed as fraudulent, the learned judge continued (page 449, 97 Mo., page 232, 11 S. W. [10 Am. St. Rep. 328]):

"* * * The grant of the inchoate right of dower fell with it, as it was not the alienation of an estate, but the mere incident of the principal thing, the conveyance of the fee by the husband, and of course perished with its principal, because there was no estate left to support it, and because there was no one in whom the bare relinquishment of dower could vest. Moore v. Harris, 91 Mo. 616 [4 S. W. 439]."

That decision was approved in Wells v. Estes, 154 Mo. 291, 297, 55 S. W. 255. In Elmendorf v. Lockwood, supra, it is said (page 325, 57 N. Y.):

"Hence, when the deed of the husband is for any reason void, or is set aside or superseded, so as to become inoperative, the wife's dower, although she joins in the conveyance, is not barred."

In Frederick v. Emig, 186 Ill. 319, 322, 57 N. E. 883, 884, 78 Am. St. Rep. 283, it was decided in respect of a release of dower, where the deed in the execution of which the wife had joined her husband was set aside:

"She was a party to the deed only for the purpose of releasing her dower, and her right to dower could not be separated from the principal estate, so that, when the deed became inoperative as against creditors to convey the estate of her husband, it became inoperative to release or bar her right to dower. As against creditors, the deed conveyed no estate of the husband, and in such a case a deed is not allowed to operate to release or bar the dower, but the wife may assert it after the death of the husband. Blain v. Harrison, 11 Ill. 384; Summers v. Babb, 13 Ill. 483; Stowe v. Steele, 114 Ill. 382 [2 N. E. 169]."

See, also, 1 Rice on Modern Law of Real Property, pp. 174–5; 1 Washburn on Real Prop. (6th Ed.) p. 214, § 426; Matthews v. Thompson, 186 Mass. 14, 19, 20, 71 N. E. 93, 66 L. R. A. 421, 104 Am. St. Rep. 550; Munger v. Perkins, 62 Wis. 499, 22 N. W. 511; Lockett, Adm'r, v. James, Adm'r, 8 Bush (Ky.) 28, 30; Sanford v. Ellithorp, 95 N. Y. 48, 51; Cox v. Wilder, 2 Dill. 45, 48, Fed. Cas. No. 3,308; Kennedy v. First Nat. Bk. of Tuscaloosa, 107 Ala. 170, 188, 191, 18 South. 396, 36 L. R. A. 308.

The claim that Mrs. Lingafelter received a consideration for her release of dower is not tenable. The only consideration suggested is alleged forbearance in recording and so publishing the mortgage. Conceding for the purpose of the question that this might be a sufficient consideration, still it does not appear that Mrs. Lingafelter made any request for or received any promise of any such forbearance, or that she had anything to do with the custody or control of the mortgage. Nor are we impressed with the claim that the Homestead Company's rights were enhanced by the fact that Mrs. Lingafelter in her answer in the proceeding of the trustee to sell the bankrupt's property, consented that the property might be sold free of dower. She expressly claimed her right to dower or its equivalent in money. All the objections that have been pointed out against releasing dower to a stranger in title to the property of the husband, apply to this claim.

We are therefore constrained to hold that the order of the District Court, from which no proceeding to review was ever instituted, vacating and setting aside the mortgage as null and void and directing the mortgaged property of Lingafelter, the husband, to be distributed equally among his creditors, operated to restore to his wife her right of dower in the property, regardless either of the claim urged under the bankruptcy act concerning voidable preferences (Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445], as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 800 [U. S. Comp. St. Supp. 1909, p. 1314]), or that might have arisen under any statute of Ohio (particularly sections 6343 and 6344; Loudenback v. Foster, 39 Ohio St. 203, 206; Robertson v. Desmond & Ryan, 62 Ohio St. 487, 497, 57 N. E. 235) relating to mortgages which may be declared void as to creditors (see, also, paragraph "e," § 67, Bankr. Act, 30 Stat. 564, and amendment, 32 Stat. 800); and that she has in no wise waived or lost that right.

The action of the court below must be affirmed, with costs.